KNOX, DEFENDANT IN ERROR, vs. SIKES, Adm'r. of J. H. WRIGHT, PLAINTIFF IN ERROR.

1. It is the duty of the party complaining of the finding of the court below, to preserve the evidence, upon which the decree of the court was based, so as to show the matters of law or fact of which he complains. If, upon the final hearing, a decree is made without objection to, or saving the evidence, and without a motion for a rehearing or new trial, the decree will be affirmed.

## ERROR to New Madrid Circuit Court.

### STATEMENT OF THE CASE.

This case is from the New Madrid circuit court. The plaintiff in error, James Knox, at the March term of said court, moved for leave to file his bill, praying an injunction of a judgment therein specified, which prayer was awarded him. The bill contains the following allegations: That appellant on the 22d day of December, 1844, purchased of one Jno. H. Wright, the following real estate: One tract of fifty-six ninety-two one hundredths acres, and two other tracts of 40 acres each, for which he agreed to pay $1000; one third of said sum at the time of purchase, one third on the 25th day of December, 1837, and the remaining third on the 25th day of December, 1838. That he executed his notes for the two last mentioned sums, and that all of said $1000 is paid except the last note. That he has been sued upon said note, and judgment had against him, which is now prayed to be enjoined.

That at the time the sale was made, Wright represented to him that he had a fee simple title to said land, and that his title was indisputable and beyond controversy, and that as soon as the purchase money should be paid he would make him a good and sufficient title, and that he executed a bond for said title, which is made an exhibit. He charges that Wright acted deceitfully and fraudulently in said sale, in representing that he was the owner of the title to said lands, when, in fact, he had no claims to a portion thereof, containing 40 acres. He alleges that said forty acres are well improved, and the most valuable portion of the tract, that Wright died without having made a deed for said land; that respondent was appointed administrator, and that as administrator he sued him on said last note and obtained judgment against him, and that execution issued, and is now in the hands of the sheriff; that his property is levied upon and will be sold, without the interference of the court, and asks injunction that respondent be restrained from collecting said judgment until the matters and things in said bill can be examined, and on final hearing, that said judgment be perpetually enjoined &c., and asks process, and to grant such other and further relief in the premises as he may be entitled to. On the same day that the bill was filed, complainant, Knox, entered into bond, as required by order of the court, upon granting the injunction. Then follows the bond for title, in the penalty of $2000, conditioned to make a good and sufficient deed in law, to the appel-

Knox vs. Sikes, Adm'r of Wright.

lant, after the payment of the purchase money, to the tracts of land mentioned in said obligation.

The answer of the respondent admits that John H. Wright, in his life time did agree to sell the land mentioned in appellant's bill, as therein stated, and that judgment has been had on said last note, and that execution had been sued out thereon. He denies that John H. Wright had not a title to the 40 acres sold, but says that a small part of said 40 acres is interfered with by a tract of land claimed by one Isaac Thompson, say five or six acres; and that in an improved condition, and which was understood to exist at the time said sale was made, and that it was agreed at the time that said sale was made, that if such interference did take place, appellant was to have another piece of land then agreed upon, in lieu of the interference; which agreement was evidenced by a certain article of agreement, which agreement in writing, is made an exhibit in said answer. He denies that said Wright was guilty of any fraud &c., and proffers, so soon as said judgment is paid, to convey said lands to appellant, according to the terms of said contract and article of agreement. He alleges that if appellant had any defence, it ought to have been made on the suit at law, and that he has no claim for relief in chancery, and prays that the bill be dismissed, and the injunction dissolved.

The exhibit contained in the answer, marked A, states that "this article of agreement, John H. Wright has sold to said Knox a certain tract of land of forty acres, and there being some doubt whether another tract of land will not interfere with it, in part, now it is agreed, that John H. Wright is to convey a small part of a tract, lying south and adjoining the aforesaid 40 acre tract to said Knox, in lieu of and satisfaction for said interference, and said Knox agrees to accept the same as aforesaid." (Bond and agreement both dated 22d December, 1836.)

On the 28th day of March, 1845, complainant, by leave of court, filed an amended bill, and in said bill, in substance states, that after the contract for said land was consummated, and after Wright had executed his bond for a title, it was suggested by said Wright that there might be an interference, but that it would not be over two or three acres, and then showed him the lines and the extent of the probable interference, and which complainant was convinced would not cover more than some two or three acres; and it was upon that statement and exhibition of the supposed interference, that he signed the article of agreement. Complainant charges fraud and misrepresentation on the part of Wright in relation to the extent of the interference; that instead of it being only two or three acres, it is about 18 acres, and that if he had been made aware of the extent of the interference, he would not have made the purchase.

At the September Term, 1846, complainant filed exceptions to defendant's answer, which were overruled. The answer, in substance, states that Wright showed complainant the lines bounding the tract of land sold, and in relation to the representations made, knows nothing, except as stated in his former answer. He denies false representations, made by Wright, or that he committed any fraud.

At the October Term, 1850, the case was submitted to the judge for trial. Upon the bills and answers and testimony introduced by them, the court finds that John H. Wright, in his life time, sold to complainant the land mentioned in his bill, and that the note sued on, and on which judgment was had, was given in part consideration of the land sold. The court further finds, that there is an interference with the land sold, to the extent and quantity of fourteen, ninety one hundredth acres of the best and most valuable part of said land. The bill having prayed for an injunction, restraining the collection of the judgment at law, which judgment was for the sum of $434 63, and prayed for such other relief as complainant may be entitled to, it is considered, ordered, adjudged and decreed by the court, that $140, part of said judgment be perpetually enjoined; that the injunction be dissolved as to the remainder of said judgment, amounting to the sum of $294 63, and that administrator of Wright have execution therefor, and that complainant recover from said Sikes, as administrator aforesaid, his costs and charges &c.

CROCKETT BUCKNER, for plaintiff in error.

There is not sufficient equity on the face of the bill to support the injunction. A bill to enjoin a judgment obtained by a vendor for the purchase money, on the ground of defect of title, should pray for a rescission of the contract. The vendee is not entitled to an injunction against the judgment, and to hold the land, however imperfect the title: 2 J. J. Marshall.

This bill prays for no specific relief, and is therefore fatally defective: Story on Eq. pleadings, pages 41, 42 and 43, and this defect can be taken advantage of at the hearing : Story on Eq. pleadings page 355.

Appellant's remedy, complete at law, held Wright's land for good and sufficient title, If he wished to rescind the contract, on the score of fraud, he ought to have asked for a rescission of the contract. If he wished to stand by the contract, then his recourse, on deficiency in the number of acres sold, was at law, upon the bond of Wright. It would be unequitable and unjust to suffer Knox to enforce part of the judgment and let the bond remain in his hands uncancelled, upon which he at any time could bring suit, and by such means subject Wright's representatives to be twice liable for the same cause of action. The chancellor enjoins the value of the deficiency, and on the action at law, the jury gives herein the same sum in damages. See 7 Cranch page 332.

If the chancellor could get jurisdiction in this case, it must have been upon the allegation, that plaintiff in error was in danger of suffering irreparable loss or injury by permitting the judgment at law to be enforced. No such allegations are contained in said bill : 1 A K. Marshall page 477.

The decree is erroneous, in not allowing damages on that portion of the judgment dissolved by the decree of the court. See Rev. Code 1835.

J. D. COOK, for defendant in error,

Presents the following, in support of the decree of the circuit court:

1. That fraud is sufficiently charged in the bill to entitle the complainant to relief in equity.

2. As the defendant did not set up the fraud as a defence at law, that judgment is no bar to relief in equity.

3. As fraud pervades the entire transaction with which it is connected, the court of law could not have administered full relief, if in order to do complete justice, it became necessary to rescind the entire contract; a part of the consideration money having been paid, a court of law could not decree a return of it, nor cancel the deed &c.

4. The omission to assess damages on the amount, not enjoined by the decree, cannot be complained of by the plaintiff in error, as he neither asked for an assessment, nor excepted to the failure of the court to assess the damages.

5. The costs were properly decreed to complainant. The question of costs is discretionary in such cases, and no exceptions taken.

6. Finally, neither the merits of the case, nor any principle decided by the court in the progress of the case, is properly before this court for revision, no exception having been taken. The case of Swearingen vs. Newman's administrator, 4 Mo. Rep. page 456, is cited as conclusive in this cause.

The testimony on which the decree is based, is not presented on the record, and therefore not before this court.

RYLAND, J., delivered the opinion of the court.

From looking over the record in this cause, I find no bill of excep-

tions, saving any thing for our revision. The above statement which is prefixed to this opinion, contains nearly every thing, as amply as the record does.

We will not interfere in a case of this kind. It is the duty of the party making complaint, of the improper finding of the court below, to preserve the evidence; to be able to show to this court the matters of which he complains, either of law or fact, in cases of this nature.

In this case, upon the final hearing, a decree is made without objecting to any evidence, or without saving the evidence on which the decree was based, and without a motion for a rehearing or new trial.

The case, indeed, presents nothing on the record, entitling the party to any consideration of this court.

With the concurrence, therefore, of the other judges, the decree of the court below is affirmed.