## Sexton and others vs. Willard and others.

PRACTICE—BILL OF EXCEPTIONS: (1.) *Bill returned because folios not numbered.* (2.) *Reasonable time for such return.* (3.) *Dismissal of bill because depositions or documents not properly inserted or referred to.* (4.) *A re-settlement of the bill will not be ordered on a motion to strike it out.*

1. Where, in the copy of the bill of exceptions served upon respondent's counsel, the folios are not numbered as required by Rule 29, C. C. Rules, it may be returned within a reasonable time, with a notice of the reason for such return.
2. In this case, the bill being voluminous, two days are held not to have been an unreasonable time for that purpose.
3. Where blanks are left in a bill of exceptions for depositions or other documents, which are stated therein to have been read in evidence at the trial, but are not so referred to or described that they can be identified, the bill must be dismissed on motion to the circuit court before appeal perfected, or to this court after appeal.
4. Upon respondent's motion to strike out a bill of exceptions, this court will not order a re-settlement thereof, but will wait for a motion by apellant for that purpose before determining the propriety of such an order.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendants appealed from a judgment in favor of the plaintiffs. The plaintiffs move to strike out the bill of exceptions, upon grounds which will sufficiently appear from the opinion.

*Gregory & Pinney*, for the motion.

*Jenkins & Elliott, contra.*

LYON, J. This is a motion made on behalf of the respondents [the plaintiffs] to strike out the bill of exceptions on file in this action.

Wis. xxvii—59

The motion papers show that notice in writing of the entry of the judgment appealed from was duly given September 22, 1868. On the 18th of November following, the circuit judge made an order extending the time to serve a copy of the bill of exceptions to January 1st, 1869; and on the 28th of November he made another order further extending the time to February 10th, 1869. These orders were made at chambers, and without notice to the respondent's attorneys of the application therefor.

On the 9th of February, 1869, the attorney of the appellants, I. P. Walker, Esq., attempted to serve a proposed bill of exceptions on Messrs. Gregory and Pinney, the attorneys for the respondents, at their office in Madison, but they refused to receive the same, claiming that the time had expired within which such service could be legally made, and, as they claim, giving other reasons for such refusal. But the proposed bill was left in their office. After an examination thereof, they, on the 11th of February, 1869, returned the same to Mr. Walker, accompanied by a notice that they did so for the reasons stated to him when he left the bill in their office, and for the further reason that the folios thereof were not numbered so as to enable them to propose amendments thereto, should they desire to do so. Subsequently the circuit judge, without any other service of a proposed bill, and without notice to the attorneys for the respondents, signed the bill of exceptions on file in this court. This motion is founded upon the objections above stated, and upon the further objection that the proposed bill "purports to contain all the evidence, when it appears from the same, or parts thereof, that many depositions and other evidence were given on the trial, which are not set out as contained therein, and is in this respect incomplete and irregular."

Omitting from our consideration the objection that the proposed bill was not served in time (a question

which we do not decide), we find two fatal objections thereto.

*First.*—Rule 29 of the rules of the circuit court adopted in 1857, provides as follows: "The attorney or other officer of the court who draws any pleading, deposition, affidavit, case, bill of exceptions or report, or enters any judgment exceeding two folios in length, shall distinctly number and mark each folio in the margin thereof; and all copies, either for the parties or the court, shall be numbered and marked in the margin, so as to conform to the original draft or entry, and to each other."

These rules were made by this court; the power to make them was conferred by the Revised Statutes of 1849, ch. 82, sec. 4, and they have the binding force and effect of statutory laws. For a failure to comply with rule 29, the proper remedy is to return the paper attempted to be served, within a reasonable time, with notice of the reason for so doing. It is claimed that this proposed bill of exceptions was not returned to Mr. Walker within a reasonable time. We think otherwise. The attorneys upon whom it was served certainly had the right to retain it a sufficient length of time to examine it and ascertain whether they deemed it necessary that the folios should be marked and numbered, as required by the rule; and we think that two days was not an unreasonable time for that purpose. It is very voluminous, and had they put aside all other business and devoted their time faithfully to that work, they could scarcely have completed its perusal within that time. In determining this question of reasonable time, due regard must be had, not only to the quantity of matter contained in the bill, but also to the other duties of the attorneys upon whom it was served. The law did not require them to lay aside all other business, and devote themselves at once and entirely to the examination of this document.

We are of the opinion, therefore, that they had a legal right to return it to Mr. Walker, and that they did so return it within a reasonable time.

*Second.*—The bill of exceptions on file is imperfect and incomplete on its face. Blanks are left in it for various depositions and other documents, which, it states, were read in evidence on the trial, and no reference is made to them or description of them given by which they can be identified. The attorneys might differ as to the identity of these, and there would be no means of settling the controversy. They should have been inserted in the bill, or made a part of it by certain reference, in order that no such dispute may arise. Had these depositions and documents been referred to as marked exhibits, or as being attached to the bill, or even as being on file in the cause, giving dates or some other identifying description, this might be sufficient. But nothing of the kind has been done, and the omission is an irregularity which is fatal to the bill. Had this motion been made to the circuit court before the appeal was taken, it should have been granted by that court; and being made here after the appeal was taken, it must be granted by this court. *Oliver v. Town,* 24 Wis. 512.

. The attorney for the appellants, in his brief, asks the court to order a re-settlement of the bill in case it is struck out on this motion. We do not think that it would be correct practice to so order in this proceeding. Without intimating any opinion as to whether the appellants will be entitled to such relief upon showing a reasonable excuse for the neglect to have a proper bill properly settled in the first instance, they are at liberty to move the court for leave to have the bill of exceptions re-settled; and all questions which may arise upon such motion are reserved.

*By the Court.*—Motion granted.