————o————

TRUSTEES OF GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH OF THE UNITED STATES, Appellants, *vs.* ALEXANDER McELHINNEY, Administrator *de bonis non* of ROBERT P. HUCKSTEP, deceased, Respondent.

1. *Administration—Posthumous claims against estate of deceased—Allowance of has what force.*—Under the statute law and decisions of this State, probate courts possess no power to allow any claims against a decedent's estate, or to order the sale of land belonging thereto, except for the payment of debts in existence at the date of his death; and orders to that effect may be attacked collaterally. And even though the will of decedent direct payment of such after accrued indebtedness, such orders would not be efficacious; but the debts will nevertheless constitute a charge in equity upon the land of the decedent, which may be enforced in a court having chancery powers. But the probate court is not such a tribunal.

*Appeal from St. Louis Circuit Court.*

*George P. Strong,* for Appellants.

After the final settlement, the power of the court over the administrator's accounts ceases. (Collins vs. Stephenson, 12 Mo., 178, 182.) Hence the action of the court in entertaining a claim by Mrs. Huckstep, and making an allowance therefor, was *"coram non judice;"* and the validity of its proceedings may be questioned in a collateral proceeding. How much more then, in a direct proceeding to enforce a sale of real estate to pay such an allowance!

The administrator cannot create debts, even in process of administration, and then sell real estate to pay them. Unless there are debts at the death of the intestate, or testator, his lands descend to his heir's devisees. (Farrar vs. Dean, 24 Mo., 16 ; Chambers Adm'r vs. Wright, 40 Mo., 482 ; Aubuchon vs. Long, 23 Mo., 99.) How then can Mrs. Huckstep create debts for her own use, and the real estate be sold to pay them. The statute does not contemplate such debts when it directs a sale of real estate.

If Mrs. Huckstep's creditors had any lien upon this real estate, to secure their claims which arose ten or fifteen years after Huckstep died, they must proceed against the devisees in chancery to enforce such liens. The probate court cannot twice administer the same estate.

*Cline, Jamison & Day,* for Respondent.

By the will the testator made his widow's debts his debts, and then the probate court allowed the claims as debts against his estate, which said allowances are judgments. (McKenny vs. Davis, 6 Mo., 501; Kennerly vs. Shepley, 15 Mo., 640.) The judgments are debts.

These allowances cannot be inquired into collaterally. (Taylor vs. Hunt, 34 Mo., 205 ; Lamothe vs. Lippott, 40 Mo., 142 ; State to use vs. Coste, 36 Mo., 437.)

SHERWOOD, Judge, delivered the opinion of the court.

The facts in this cause as agreed upon by the parties litigant, are briefly as follows: In 1856 Robt. P. Huckstep made

and published his last will and testament, whereby he made his wife, Charlotte, his executrix, bequeathing to her during her natural life, all of his property, and providing, that upon her death. and after the payment of the debts of the testator and of the debts of the wife, the plaintiffs, after the satisfaction of certain other claims of minor importance, were to be the recipients of the proceeds arising from the sale of the residue of his estate.   In 1857 this will was probated, and letters testamentary granted to the executrix, who duly administered in that capacity, and made final settlement of the estate committed to her charge in 1860, and received all the estate then remaining.   In 1868 Mrs. Huckstep died, and Levi DeFoe, her brother, in the following year took out letters of administration *de bonis non* with the will annexed, and proceeded to again administer upon the estate of the testator, Huckstep. In the course of such administration claims were allowed against the estate of the testator, as the debts of such estate, but which were debts created long after his death, and arose in consequence of the alleged necessities of Mrs. Huckstep, for board, medical attention, etc., etc., during the years immediately preceding her death.   No new or additional property was inventoried, nor was there any discovery made of debts having existence at the date of the testator's death. For lack of personal property, the real estate of the testator was ordered by the probate court to be sold for the payment of debts contracted by Mrs. Huckstep, and which, as before stated, had been allowed as demands against the estate of her husband.   But the probate court, at the instance of the plaintiffs, set aside the order of sale at the term of its enrollment, and the administrator successfully appealed to the circuit court, where the judgment of the probate court being reversed and the plaintiff having unsuccessfully appealed to general term, again appealed here.   During the pendency of the cause in this court DeFoe has died, and the present defendant has been substituted in his stead.

Under our statute respecting administration, and the repeated adjudications of this court thereon, probate courts pos-

sess no power to allow any claims against a decedent's estate, or to order the sale of land belonging thereto, except for the payment of the debts of the deceased, *i. e.*, those in existence at the date of his death. (Farrar vs. Dean, 24 Mo., 16 ; Aubuchon vs. Long. 23 Mo., 99 ; Chambers Ad'mr vs. Wright, 40 Mo., 482.) The proceedings of the probate court in ordering the sale of land belonging to Huckstep's estate were therefore *coram non judice*. and consequently open to even collateral attack. and *a fortiori* to the direct attack which plaintiffs made upon them. Nor was it within the power of the testator, by the terms of his will, to enlarge the jurisdiction of the probate court in this regard.

But while it is beyond controversy that the probate court was powerless in the premises, either under the provisions of the statute or the terms of the will, yet it is equally evident and true that the testator by those terms created an equitable charge on this land to the extent of the debts contracted by his wife, and that the church of which plaintiffs are the trustees, will take subject to this burden, which must of necessity have precedence over any claim which they can assert, by reason of their church being the residuary legatee. (2 Sto. Eq. Jur., § 1245, and cases cited.) This equitable charge, however, can only be enforced in a forum possessed of chancery powers. This cannot be affirmed of the probate court. In such a tribunal, alone the possessor of those powers, can the claims arising from debts contracted by Mrs. Huckstep be successfully asserted and a decree be entered, which will afford full and adequate redress and protection to the rights of all the parties in interest.

There are other matters involved in the record before us on which we might very appropriately have commented, but those adverted to are amply sufficient to warrant us in reversing the action of the circuit court, both in special and general term, and in affirming that of the probate court—which is accordingly done. Judge Wagner concurs in the result. Judges Vories and Hough absent.