Henry W. Garnett, Defendant in Error, *v.* James O. Carson, Administrator, Plaintiff in Error.

### December 31, 1881.

The circuit court has no jurisdiction to allow a demand against an estate, for professional services rendered after the death of the intestate, by an attorney, at the request of the administrator.

Error to the St. Louis Circuit Court, Boyle, J.
*Reversed and dismissed.*

Cline, Jamison & Day, with whom is Henry T. Kent, for the plaintiff in error.

James A. Seddon, for the defendant in error.

Bakewell, J., delivered the opinion of the court.

Plaintiff sued the administrator of John B. Carson, deceased, in the circuit court, for $200, as the reasonable value of services rendered by plaintiff as an attorney, in

defending, in the supreme court of the United States, an action commenced against the deceased in his lifetime in the circuit court of the state, which services the administrator had agreed to pay to plaintiff out of the assets of the estate. There was judgment against defendant as administrator. The record presents only this question : whether this demand could be legally allowed against the estate of the deceased. The services were rendered after John B. Carson's death.

The probate court is authorized to allow the administrator, in his settlements, for legal services and advice, in addition to his commission of five per cent. Rev. Stats., sect. 229. It is quite settled that no order of sale of real estate can be made for the costs of administration. *Farrar* v. *Dean*, 24 Mo. 16 ; *Presbyterian Church* v. *McElhinney*, 61 Mo. 540. But an allowance for attorney's fees for services rendered after the death of the intestate or testator, is a part of the costs of administration. If this allowance may be made by way of a judgment against the estate, in the circuit court, such a judgment would go down to be classified under the law in the probate court; and, if the personalty failed, the real estate would be sold to satisfy it. Rev. Stats., sects. 146, 191, 209--213. The probate court would be bound, under the statute, to classify this judgment, if it were allowed to stand ; and thus the circuit court would acquire jurisdiction concurrent with the probate court, to pass upon the question of what would be a reasonable allowance over and above the commission allowed by law to the administrator for services rendered to the estate at the administrator's request ; and, furthermore, these allowances to persons employed by the administrator for services rendered to the estate at the administrator's request, as to the reasonableness of which the probate court would never have been consulted, being costs of administration, as they clearly are, would subject the realty to sale as debts of the deceased, which they are not.

The intention of the administration law is not, that allowance for services rendered shall be made in the first instance in the circuit court, but the ordinary jurisdiction of settling the accounts of administrators is committed to the probate courts. Rev. Stats., sect. 1176. And charges for services rendered to the estate after the death of the intestate, enter properly into the accounts of the administrator, which he must settle with the probate court; and their reasonableness or unreasonableness will depend upon the value of the estate, its debts, the allowances already made for extra services, and other considerations which cannot be laid before the circuit court acting as a court of first instance in a question of allowing an isolated demand like the one at bar. Such a system of allowance of demands would destroy the symmetry of the system of administration of estates adopted by statute. Even the probate court cannot allow, as a judgment against the decedent's estate, a claim for services rendered after his death. *Presbyterian Church v. McElhinney*, 61 Mo. 540.

We think the judgment should be reversed and the cause dismissed. It is so ordered. Judge LEWIS is absent; Judge THOMPSON concurs.