W. F. FERGUSON, Appellant, *v*. J. O. CARSON, ADMINISTRATOR, Respondent.

### November 28, 1882.

1. ADMINISTRATION — FINAL ORDERS — APPEALS.— The refusal of the probate court to grant an order for the sale of realty is a final order from which an appeal will lie.

2. —— JURISDICTION.— The probate court has no power to allow claims against a decedent's estate except for the payment of debts of the deceased in existence at the date of his death.

3. —— JUDGMENTS — ALLOWANCE OF CLAIMS.— A surety on the appeal-bond of an executor in an action begun during the testator's life, where the judgment has been affirmed against the executor and classified in the probate court, may purchase the judgment in the name of another, and may have an order for the sale of realty to pay the same.

4. SETTLEMENTS.— An administrator need not charge himself with the proceeds of a sale of realty made by the heirs and executor before final settlement, where the sale is not made under order of court or under a power in the will.

5. APPLLICATION TO SELL.— It may be immaterial that the notice to an administrator of an intention apply for an order of sale of realty misdescribes the applicant's demand.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Reversed and remanded.*

E. T. FARISH, for the appellant: "A creditor having recovered judgment against his debtor and a surety separately, the surety satisfied the judgment against himself, and took an assignment of the judgment against his principal. *Held*, that the judgment so assigned might be enforced by the surety."— *Clason* v. *Morris*, 10 Johns. 524. "When a surety pays a judgment against himself and the principal, he has a right to have it assigned to him, and to use it as a subsisting judgment against the principal."— *Goodyear* v. *Watson*, 14 Barb. 481; *McDougald* v. *Dougherty*, 14 Ga. 674; *Alexander* v. *Lewis*, 1 Metc. (Ky.) 407; *Creager* v. *Brengle*, 5 Har. J. 234; *Alden* v. *Clark*, 11 How. Pr. 209; *Harbeck* v. *Vanderbilt*, 20 N. Y. 398. The proceeds of the sale of the real estate were not properly chargeable to the administrator.— *In re Camp*, 6 Mo. App. 563; *s. c.* 74 Mo. 192. An appeal will lie from an order of the probate court, refusing to grant an order for the sale of realty for the purpose of paying claims against the estate.— *McCrary* v. *Menteer*, 58 Mo. 446; *Duff* v. *Doyle, Admr.*, 56 Mo. 301; *McVey, Curator*, v. *McVey*, 51 Mo. 406; *Wilson* v. *Brown, Admr.*, 21 Mo. 410.

HENRY T. KENT, for the respondent: The claim of Ferguson appears to have originated since the death of Carson, and therefore is not such a claim as can be allowed, or classified against the estate. The action of the probate court in allowing the same was *coram non judice*, and open to collateral attack.— *Presbyterian Church* v. *McElhinney*, 61 Mo. 54; *Same* v. *Griffin*, 67 Mo. 654; *Garnett* v. *Carson*, 11 Mo. App. 290. If it is contended that the claim or

demand arose out of the payment by Ferguson of the judgment of Ober, against Carson's estate, Ferguson being the surety on the bond, we answer that the payment of a debt against the estate by a surety discharges the debt against said estate.— *McDaniel* v. *Lee*, 37 Mo. 204; *Hall* v. *Sherwood*, 59 Mo. 172; *Wernecke* v. *Kenyon*, 66 Mo. 283. The only remedy of a surety who pays a debt against the estate is to have himself subrogated to the rights of the creditor in a court of equity. There has been no subrogation in the case.— *Wernecke* v. *Wood*, 58 Mo. 352; *Wernecke* v. *Kenyon*, 66 Mo. 275. The probate court is a court exclusively of statutory powers, and has no equitable jurisdiction.—*Butler* v. *Lawson*, 72 Mo. 227.

BAKEWELL, J., delivered the opinion of the court.

This was an application by a creditor of the estate of J. B. Carson, deceased, for an order of sale of realty. The probate court denied the application, and ordered that the petition be dismissed. The petitioner appealed to the circuit court. On hearing anew in that court, the prayer of the petitioner was refused.

It is contended that the action of the probate court shows no final order from which an appeal would lie. The refusal of the probate court to make the preliminary order applied for, would seem to be a final disposition of the matter, so far as that court was concerned. There could be no order of sale without an order of publication. The statute gives an appeal "in all cases where there shall be a final decision of any matter arising under the provision of the chapter" on administration. It also gives an appeal "on all orders for the sale of real estate." It is not to be supposed that the legislature gave an appeal from an order of sale, and withheld it from an order necessarily fatal to an application for sale. The right of appeal is covered by the sweeping language of the fifteenth subdivision of section 292 of the Revised Statutes, set out above.

It appears that when John B. Carson died, an action was pending against him, which, after his death, was revived in the name of James O. Carson, his administrator *cum test. ann.* An appeal was taken by the administrator to the supreme court of the United States, William F. Ferguson, plaintiff here, being surety upon the appeal-bond. There was a final judgment for plaintiffs in the supreme court, which they assigned to John M. Glover, who had the same allowed and classified in the probate court. On April 19, 1879, in consideration of $6,649.42, Glover assigned this judgment and allowed demand to Jamison. Jamison testifies that, in making the purchase, he acted for Ferguson, whose money was used in the purchase, and for whom Jamison claims to hold the judgment merely as trustee. The object, he says, was to keep the judgment alive. Ferguson was the beneficial owner of the judgment; and, before the application now in question, Ferguson had made application to the probate court for a sale of realty, which was refused by the court on the ground that these facts showed a payment of the judgment. Afterwards, Ferguson presented for allowance to the probate court the following demand: —

" John B. Carson's estate, Dr. to William F. Ferguson. April 19, 1879. To cash paid judgment rendered by the St. Louis Circuit Court, March 30, 1874, against said estate, and in favor of Robert P. Ober *et al.*, and appealed by James O. Carson, administrator of John B. Carson, to the supreme court of Missouri, and from said court he appealed to the supreme court of the United States, and classified March 2, 1879, in the St. Louis Probate Court. The said William F. Ferguson was security on said appeal-bond to the supreme court of the United States.

$6,649 42

Interest on same  .   .   .   .   .   .   .    39 74

$6,749 16 "

On this demand $6,749.16 was allowed on July 15, 1879, and it was placed in the sixth class. Ferguson then notified Carson in writing that, this demand not having been paid, and there not being personalty to pay it, he should apply at the next term of court for an order of sale of realty. Accordingly, he presented at the next term of the probate court, an application for an order of sale. In this application he speaks of himself simply as a creditor of the estate, and makes no express mention of this demand; but he refers to the notice to Carson, and annexes it to his application.

Defendants objected to the introduction of these allowances. To the first, they objected that it was not the allowance upon which the application was based; to the second, they objected that it was for a demand that arose after John B. Carson's death. The report of the administrator, with account of his administration, list of debts unpaid, and of real estate, were all in evidence and will be noticed more fully in the course of the opinion.

Upon this state of facts, we are of opinion that there is nothing to show any payment of the allowance in favor of Jamison, of which Ferguson appears to be the beneficial owner, and that the allowance afterwards made in favor of Ferguson, was one which the probate court had no power to make, the claim being upon its face one that originated since the death of John B. Carson. The probate court has no power to allow claims against a decedent's estate, or to order the sale of land belonging thereto, except for the payment of debts of the deceased, in existence at the date of his death. *Presbyterian Church* v. *McElhinney*, 61 Mo. 542; *Garnett* v. *Carson*, 11 Mo. App. 290.

The evidence is uncontradicted that Ferguson bought the judgment, and that he did not intend to pay it, and did not pay it. Respondent contends that, Ferguson being surety upon the appeal-bond, the attempt to purchase the

judgment by him was a discharge of the debt against the estate.

At law, the payment of a judgment to the plaintiff by one of several co-defendants, operated an extinguishment of the judgment; and an assignment to one of several co-defendants worked the same result. But the equity rule was, that a surety paying a judgment rendered against himself and his principal, and taking an assignment to himself, did not thereby satisfy or extinguish the judgment against the principal. *Goodyear* v. *Watson,* 14 Barb. 481; *McDougal* v. *Daugherty,* 14 Ga. 674. The legal principle that payment of the judgment by any one of the parties bound by it extinguishes the judgment and leaves nothing to assign, may seem to create a logical difficulty in the way of the interference of equity to compel an assignment of the judgment to the surety who is co-defendant and who pays the judgment. But, however that may be, no mere technical difficulty in this matter has been allowed, in America at least, to defeat the ends of justice. Courts of equity have always looked to the real nature of the transaction, and have subrogated the defendant who was a mere surety to the rights of the judgment creditor, where the surety has paid the judgment.

In the present case, it is evident that the transaction between the creditor and Jamison acting for Ferguson, was not intended to be a payment, but a purchase of the judgment; and the thing was done as it was done to avoid all appearance of a payment. Ferguson was not a co-defendant in the judgment. He was neither a party to it nor a privy. By virtue of his contract of suretyship, he was bound to satisfy the judgment creditor; but we see no reason why, in doing so, he must necessarily satisfy the judgment itself, and lose all recourse against the estate. We think that the money advanced by Ferguson, through Jamison, to the holder of the demand, though it was the money

of the surety, did not extinguish the judgment against Carson's administrator or the allowance against his estate ; but that the judgment, when assigned by Glover to Jamison as the trustee of Ferguson, remained a subsisting obligation, which, as it had never been enforced against Carson's estate, was still enforceable.   There could be no occasion to go into equity to procure an assignment of the judgment, because it had already been assigned.

The statute provides that, if the administrator does not make application for the sale of realty, any creditor or other person interested in the estate may make such application, giving twenty days' notice to the administrator.   Rev. Stats., sect. 150.   There can be no doubt, we think, that Jamison having purchased this allowance for Ferguson, and with Ferguson's money, Ferguson was a person interested in the estate within the meaning of this section.

But it is said that the application is bad because the notice attached to it describes, not the valid allowance assigned by Glover, but the subsequent void allowance in favor of Ferguson.   We see no force in this objection.   If the personal estate was insufficient to pay debts, and there was existing an unsatisfied allowed demand against the estate, and the applicant was a creditor or person interested in the estate, the application should not be denied merely because in the notice to the administrator he misdescribes his allowed demand.   That is wholly immaterial.   It is the administrator's business to know what demands have been allowed against the estate, and the court may order a sale of realty of its own motion, if, upon settlement, it appears that the personalty is insufficient to pay the debts.   Rev. Stats., sect. 170.

The lists and exhibits of the administrator in evidence show an unpaid demand in favor of one Garnett for $214.33, in addition to the Ober judgment classified for $5,114.92.

In the administrator's account, he charges himself with

the proceeds of sale of certain property of the estate on Grand Avenue. It appears that the administrator and his sister, the residuary legatees, conveyed by deed this property to one Webb for $17,750. The administrator charged himself with the proceeds of this sale, and credited himself with the amounts paid out of these proceeds, of which $13,-400 was paid to himself and sister while he knew of the pendency of the Ober suit. The will is in evidence, and it is clear that this sale was made under no power, and passed nothing but the interest of the grantors, subject to claims against the estate. The administrator erroneously credited the estate with the proceeds of these sales. These proceeds were in no sense assets of the estate.

It appears that, after striking out the credits for amounts paid for legacies, and also striking out the charge for the moneys received from this sale made by James O. Carson and his sister, there was not, according to the lists and exhibits of the administrator, sufficient personalty to pay the debts. And we see no sufficient reason why the application for an order of publication was denied.

The judgment is reversed and the cause remanded. All the judges concur.