JOHN ROBERTS ET AL., Respondents, v. LUCY F. BART-
LETT ET AL., Appellants.

St. Louis Court of Appeals, June 2, 1887.

1. EQUITY—SUBROGATION—ADMINISTRATION.—An administrator who, in good faith, believing that the personal assets are sufficient to pay all claims allowed against the estate, pays allowed claims, has, upon failure of personal assets, an equitable claim against the decedent's realty.

2. —— PLEADING — SUFFICIENCY OF PLEADING — DEMURRER.—A petition which states the above facts and asks the subjection of the real estate to the payment of such claims, states a good cause of action, and is not subject to general demurrer, although it fails to describe the claims in detail.

3. —— JURISDICTION.—Such an action being purely equitable, the circuit court alone has original jurisdiction thereof.

4. —— APPELLATE PRACTICE.—A decree in equity will not be reviewed on appeal unless all the evidence is preserved in the record.

5. PRACTICE—SKELETON BILL OF EXCEPTIONS.—A skeleton bill of exceptions is insufficient to secure the insertion in the record of documentary evidence, unless such document be specially so designated as to advise the court that the paper called for is the paper offered in evidence.

APPEAL from the Clarke County Circuit Court, BEN.
E. TURNER, Judge.

*Affirmed.*

REED & WHITESIDE, with N. F. GIVENS and WM.
BERKHEIMER, for the appellants: "All the facts constituting the cause of action must be stated." *Battell v. Crawford,* 59 Mo. 215; *Wiggins v. Graham,* 51 Mo. 17; *Pier v. Henrichoffen,* 52 Mo. 333; *Curren v. Downs,* 3 Mo. App. 468; *Turley v. Edwards,* 18 Mo. App. 676; *Kerr v. Simmonds,* 82 Mo. 275. The probate court has

original exclusive jurisdiction. *Titterington v. Hooker,* 58 Mo. 593; *Pierce v. Calhoun,* 59 Mo. 271; *Chandler v. Stevenson,* 68 Mo. 450; *Julian v. Ward,* 69 Mo. 153; *French v. Stratton,* 79 Mo. 560. The allegations in the petition are not sustained by the evidence, even if the facts proved authorized the administrators to pay the claims and be subrogated; for the reason that the court must find the facts set out in the petition to be true, and base its decree upon them. Story's Eq. [8 Ed.] p. 251, sect. 257; *Ellis v. Railroad,* 17 Mo. App. 126; *Maguire v. Taylor,* 47 Mo. 115; *McKnight v. Bright,* 2 Mo. 110.

ANDERSON, DAVIS & HAGERMAN, for the respondents: The bill of exceptions was insufficient, as not identifying the papers called for. *Lehew v. Morrison,* 17 Mo. App. 633; *Walker v. Stoddard,* 31 Mo. 123; *Railroad v. Wagner,* 19 Kan. 335; *Harmon v. Chandler,* 3 Iowa, 152; *Hill v. Holloway,* 52 Iowa, 678; *Hicks v. Person,* 19 Ohio, 446; *Sexton v. Willard,* 27 Wis. 465; *Bank v. Mosely,* 19 Ala. 222; *Looney v. Bush,* Minor, 413; *Garlington v. Jones,* 37 Ala. 240; *Tuskaloosa County v. Logan,* 50 Ala. 503; *Bradley v. Andress,* 30 Ala. 80; *The State v. Huff,* 11 Nev. 17; *The State v. Larkin,* 11 Nev. 314; *Busby v. Finn,* 1 Ohio St. 409; *Irwin v. Smith,* 72 Ind. 482; *Mills v. Simmonds,* 10 Ind. 464; *Calvert v. Makepeace,* 8 Blackf. 575; *Board v. Embree,* 7 Blackf. 461; *Spears v. Clark,* 6 Blackf. 167; *Huff v. Gilbert,* 4 Blackf. 19; *The State ex rel. v. Noggle,* 16 Wis. 333; *Frost v. Bates,* 16 Vt. 145, and note. It affirmatively appears that all the evidence is not preserved and hence the decree can not be reviewed. *The State ex rel. v. Kamp,* 8 N. E. Rep. 714; *Collins v. Collins,* 100 Ind. 266. An administrator, who, in good faith, pays the debt of an estate, may be subrogated to the rights of the creditor. *Smith v. Hoskins,* 7 J. J. Marsh. [Ky.] 502; *Pea v. Waggoner,* 5 Hayw. 242; *Trumbo v. Sorrency,* 3 B. Mon. [Ky.]

284; *Williams v. Williams*, 2 Dev. Eq. 69; *Watkins v. Dorsett*, 1 Bland Ch. 530; *Collinson v. Owens*, 6 G. & J. 4; *Kinney v. Harvey*, 2 Leigh [Va.] 70; *Pendergass v. Pendergass*, 1 S. E. Rep. 45; *Wernecke v. Kenyon*, 66 Mo. 275; *Van Bibber v. Julian*, 81 Mo. 618.

ROMBAUER, J., delivered the opinion of the court.

This is a suit in equity by administrators of a decedent's estate, in which they set up that they have advanced money out of their own funds to pay allowed demands against the estate, believing at the time that the personal assets would be sufficient to make good these advances, and seeking to be subrogated to the rights of the creditors whose demands they have thus satisfied, and to have certain lands of the decedent sold to reimburse them. The petition does not state that the plaintiffs paid any particular sum or sums to any particular creditor or creditors, nor does it pray that they be subrogated to the rights of any particular creditor or creditors in respect of any particular debt or debts due by the estate so taken up by them. But it recites, "that the petitioners, believing that the personal estate of the deceased was more than sufficient to pay off and satisfy the expense and cost of administration and the debts of the deceased, with what was realized from the sale of the real estate aforesaid, in good faith, paid on the debts of the deceased, from their own money, the sum of two thousand dollars, costing them the sum of two thousand dollars, so overpaid by your petitioners, so paid on indebtedness which was in no wise cancelled, but the same was and became the property of your petitioners, so to be paid by the estate of William Bartlett, deceased; and your petitioners, thereby, became the owners of and subrogated to the rights of the different creditors of such deceased," etc. The prayer for relief is in the following words: "Your petitioners ask that an account be taken of their administration; and that interest be allowed on such sums overpaid by

them ; and that for the total amount overpaid they have a decree subjecting said real estate to the payment of such sums with interest; that by such decree such real estate be ordered sold and the proceeds thereof applied to your petitioners' claim, so ascertained, and for such other relief as to equity and good conscience appertains."

The defendants, who are the widow and heirs of William Bartlett, deceased, first filed a demurrer to this petition, averring its insufficiency, for the following reasons : (1) Because the petition does not contain facts sufficient to constitute a cause of action.   (2) Because the plaintiffs do not allege any facts in their petition authorizing them to be subrogated to the rights of any of the creditors of the estate of William Bartlett.   (3) Because the petition contains no facts sufficient to authorize the court to grant the relief prayed for, or any other relief. (4) Because, from the facts stated in the plaintiffs' petition, they are not entitled to any accounting, as asked for in their petition.

This demurrer was overruled by the court, and the defendants thereupon filed their answer, in which they admitted the death of the decedent, and that the plaintiffs were appointed his administrators, but denied the insufficiency of personal assets, and denied that the plaintiffs, out of their own means, paid two thousand dollars, or any other sum, towards the taking up of the debts of the decedent.

The defendants further averred that the allowances against the estate, which the plaintiffs claimed to have discharged with their own means, were allowances obtained by the fraudulent combination of the administrators with the claimants, and were not debts justly owing by the decedent.   The answer also denied the jurisdiction of the court in the premises over the subject matter.

The new matter in the answer was traversed by reply.   The hearing of the case resulted in a decree in

the plaintiffs' favor; the court finding, among other things, "that the plaintiffs, in good faith, for the benefit of the estate and not officiously, paid off with their private funds debts due from the said William Bartlett, which had been duly allowed in the sixth class of demands, to the amount of $1,716.95, and they are entitled to interest thereon, at the rate of six per cent. per annum, since the twenty-second day of November, 1883, making in all $1,743.85, and by such payments became the owners of such claims and subrogated to the rights of the general creditors."

The court thereupon made an order for the sale of the real estate as prayed for. The defendants prosecute their appeal from this decree.

The first question to be determined is, whether the court erred in overruling the defendants' demurrer. It will be seen that, although the demurrer states four distinct grounds, the three last are mere amplifications of the first, and that the pleading is simply a general demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action.

The statute provides, that "the demurrer shall distinctly specify the grounds of objections to the pleadings; unless it does so, it may be disregarded." Rev. Stat., sect. 3516. The supreme court, at an early day, in construing this statute, held that the word, "may," in this connection, means "should," and that the court will only look to the objections specified. *McClurg v. Phillips*, 49 Mo. 316; *Alnutt v. Leper*, 48 Mo. 321. If, therefore, the petition in this case does state facts sufficient to constitute a cause of action, even though it may be liable to other objections, the court committed no error in overruling it. The only question, therefore, to be determined on this branch of the case is, whether the petition does state facts sufficient to constitute a cause of action; that is to say, whether it states facts enough to entitle the plaintiffs to any equitable relief.

That the right to be subrogated is an equitable right

to be enforced in equity is clear (3 Pomeroy Eq. Jur., sect. 1419), and that this right exists in favor of an administrator who, out of his individual means, pays, in good faith, debts of the estate, must be conceded upon authority. *Smith v. Hoskins*, 7 J. J. Mar. 502; *Trumbo v. Sorrency*, 3 B. Mon. 284; *Williams v. Williams*, 2 Dev. Eq. 69; *Kinney v. Harvey*, 2 Leigh (Va.) 70; *Livingston v. Newkirk*, 3 Johns. Ch. 317; *Watkins v. Dorsett*, 1 Bland Ch. 530; *Gist v. Cockey*, 7 Har. & J. 139; *Collins v. Owens*, 6 Gill & J. 9; *Ex Parte Allen*, 15 Mass. 58; *Pea v. Waggoner*, 5 Haywood, 242; *Lyon v. Vick*, 6 Yerg. 42; *Surber v. Kent*, 5 W. Va. 96. It is evident, therefore, that, whether the petition is viewed in the light of merely seeking a subrogation in equity, on the part of the plaintiff administrators, to the rights of creditors whose claims against the estate they have thus paid, or whether it is viewed in the light of seeking the establishment of an independent equity against the lands of the decedent, it does state facts sufficient to constitute a cause of action. *Presbyterian Church v. McElhinney*, 61 Mo. 540; *Wernecke v. Kenyon*, 66 Mo. 275; *Van Bibber v. Julian*, 81 Mo. 618.

The court, therefore, committed no error in overruling the defendants' demurrer.

A question to be decided in connection with the foregoing is, whether the court erred in entertaining jurisdiction of the proceeding. The defendants claim, by their motion in arrest, and claim here, that the circuit court had no jurisdiction of the subject matter, the claim being one of which the probate court, under the statute, had exclusive jurisdiction. In support of this proposition they refer us to *Titterington v. Hooker* (58 Mo. 593); *Pearce v. Calhoun* (59 Mo. 271); *Chandler v. Stevenson* (68 Mo. 450); *Julian v. Ward* (69 Mo. 153); and *French v. Stratton* (79 Mo. 560).

It may be conceded that, where a claim against the estate of a decedent, is a legal claim, as contradistinguished from one purely equitable, the probate court

has exclusive jurisdiction thereof, and a failure to present it for allowance in that court within the statutory period will debar the claimant from all redress. If presented and allowed, its final enforcement and satisfaction must be secured by the statutory methods provided for the administration of the estates of decedents, even though it becomes necessary that the realty forming part of a decedent's estate be sold for its satisfaction. None of the cases cited go further. Where a claim is purely equitable it can not be thus enforced, because it has been settled, by repeated adjudications in this state, that probate courts have no chancery jurisdiction (*Presbyterian Church v. McElhinney*, 61 Mo. 540; *First Baptist Church v. Robberson*, 71 Mo. 335; *Butler v. Lawson*, 72 Mo. 245); and, although two of these decisions were made by a bare majority of the court, they are binding upon us, until reversed by the court that made them.

Now, as above shown, the claim of the administrators is purely equitable. They do not stand in the position of assignees of these claims, because the rights of the assignee are the same as those of the assignor, whereas the rights of the administrators are limited by the amount they paid for these claims, not exceeding the amount of the allowances. In the payment of these claims they acted as trustees for the estate, and their right is a mere limited right of subrogation, and purely equitable in its character. In fact, assuming that they have a right, which proposition, under the cases above cited, must be conceded, it is not apparent how they ever could have enforced such right by proceedings in the probate court.

The only question remaining for our determination is, whether the decree is warranted by the evidence, and this question we are precluded from considering, unless it affirmatively appears, by the record, that all the evidence which has been offered is preserved in the record. It has been the rule of practice of appellate courts in this state, from an early time to the present day, to

decline the review of causes upon the evidence, unless all the evidence was thus preserved. *Foster v. Nowlin*, 4 Mo. 18, 23 ; *Knox v. Sikes*, 15 Mo. 235, 238 ; *Douglass v. Stephens*, 18 Mo. 362, 368 ; *Carter v. Holman*, 60 Mo. 498, 502 ; *Johnson v. Long*, 72 Mo. 211 ; *Turley v. Edwards*, 18 Mo. App. 676 ; *Field v. Crecelius*, 20 Mo. App. 302. In law cases, under recent rules of the court, parties may save their exceptions to the action of the court in giving and refusing instructions, by general averments that there was evidence tending to show the hypothetical facts stated in the instructions. This is in conformity with the further rule that in such cases appellate courts are called upon to review errors of law only, and not the weight of evidence. But in chancery cases, the rule is necessarily different. It is the duty of the appellate court to review the law as well as the facts, for the purpose of determining whether the decree rendered should be permitted to stand ; and if it appears that the court had jurisdiction, and the petition states a good cause of action, the decree rendered thereon will be affirmed on the presumption of the correctness of the judgment of the trial court, unless it is affirmatively shown by the party appealing that all the evidence offered did not warrant the decree.

It is self-evident that there can be no difference in principle between a chancery case, where the bill of exceptions preserves none of the evidence, and the case where it preserves only part of the evidence, because, in either case, the evidence might have been ample to justify the decree.

Applying the proposition thus stated to the record before us, and it is clear that it does not contain all the evidence—the transcript of the record originally brought to this court, purports to recite that it does contain all the evidence—but, upon inspection of the original record which was removed to this court, under the provisions of the act of April 2, 1883 ( Laws 1883, page 124 ), it appears that such recital is not true.

It must be apparent that the sole object of that act was to enable the appellate court to correct the transcript of the record before it, by the aid of the original record, and that, where there is a conflict between the two, the latter must prevail as the true record of the cause.

From the original bill of exceptions, thus removed to this court, the following facts appear:

The original bill recites, "the plaintiffs on their part, to sustain the issues on their part, offered to introduce in evidence all of the papers, settlements, vouchers, inventories, appraisements, petition for the sale of the real estate of the decedent, orders of sale and record of allowed claims, abstract of demands, and all of the records and papers belonging to, and appertaining to, the administration of the estate of William Bartlett, deceased, which are in words and figures, as follows:" also: "Plaintiffs offered in evidence all of the papers in the probate court in the matter of the estate of William Bartlett, deceased, the publication of sale, all of the records in the cause, also, an abstract of the claims allowed, and all other records and papers in the estate, which the clerk will here copy."

There was no objection made to the general nature of this offer, and it would appear that all these papers were received in evidence. The respondents contend that they are not contained in the record, and there is nothing in the record which would enable us to determine whether they are contained therein or not.

We have intimated in *Morrison v. Lehew* (17 Mo. App. 635), a case which came from the same circuit, the requisites of a skeleton bill. Bills of exceptions in skeleton form have been in use in this state for so long a time, that to decide now that they are absolutely ineffectual would tend to defeat justice in many cases. We have stated in that case, citing a number of authorities to the effect, and can only reiterate, that records are made by order of the court and not by order of counsel or voluntary action on the part of clerks. What is there

in the present bill to identify any of the papers offered? Shall the clerk, at his peril, decide whether he has incorporated *all* the papers forming part of the records of another court, or shall he, as he seems to have done in the present case, decline so to decide, and omit them all? Conceding the propriety of a skeleton bill where parties consent thereto, under certain circumstances, and it is still evident that such of the documents as are to be inserted, must be before the court when the judge passes upon the propriety of the bill, because it is for the judge and not the clerk to decide whether that is the paper which has been offered in evidence. Any other rule would enable clerks to make up a record at their discretion, and lead to interminable confusion. Such is the rule in this state, and, so far as we are advised, in all other jurisdictions, in some of which skeleton bills are held wholly ineffectual. *Walker v. Stoddard*, 31 Mo. 123; *Railroad v. Wagner*, 19 Kan. 335; *Harmon v. Chandler*, 3 Iowa, 152; *Hill v. Holloway*, 52 Iowa, 678; *Hicks v. Person*, 19 Ohio, 446; *Sexton v. Willard*, 27 Wis. 465; *Bank v. Mosely*, 19 Ala. 222; *Looney v. Bush*, Minor, 413; *Garlington v. Jones*, 37 Ala. 240; *Tuskaloosa County v. Logan*, 50 Ala. 503; *Bradley v. Andress*, 30 Ala. 30; *The State v. Huff*, 11 Nev. 17; *The State v. Larkin*, 11 Nev. 314; *Busby v. Finn*, 1 Ohio St. 409; *Irwin v. Smith*, 72 Ind. 482; *Mills v. Simmonds*, 10 Ind. 464; *Calvert v. Makepeace*, 8 Blackf. 575; *Board v. Embree*, 7 Blackf. 461; *Spears v. Calvert*, 6 Blackf. 167; *Huff v. Gilbert*, 4 Blackf. 19; *The State ex rel. v. Noggle*, 16 Wis. 333; *Frost v. Bates*, 16 Vt. 145, and note.

As it affirmatively appears by the original record that all the testimony offered in the case is not before us; as it further appears that there is nothing in the record to negative the plaintiffs' right of recovery, either on account of the insufficiency of their petition, or on account of the jurisdiction of the court, it necessarily

results that the decree must be affirmed. It is so ordered. Thompson, J., concurs; Lewis, P. J., is absent.