VIRGINIA A. SLEET, Plaintiff in Error, v. JOHN T. GIL-
MORE, Defendant in Error.

St. Louis Court of Appeals, January 31, 1888.

PRACTICE, APPELLATE—WEIGHT OF EVIDENCE.—An appellate court
cannot revise the finding of the trial court on the weight of evi-
dence, when it affirmatively appears that all the evidence is not
preserved in the record.

ERROR to the Lincoln Circuit Court, HON. ELIJAH
ROBINSON, Judge.

*Affirmed.*

MARTIN, AVERY & DUNN, for the plaintiff in error:
An advancement, properly speaking, is a gift by a per-
son to a child, by anticipation, in whole or in part, of
what it is supposed the child would be entitled to on the
death of the person. *Cawthen v. Coppedge,* 1 Tenn. 487 ;
*Osgood v. Breed,* 17 Mass. 358 ; *Grattan v. Grattan,* 18
Ill. 167. Equality is equity amongst heirs, and the doc-
trine of advancements has for its object the furtherance
of this end. *Miller's Appeal,* 31 Pa. St. 337. A con-
veyance to a child, either directly or indirectly, as by
payment of the purchase money for land, is *prima facie*
an advancement. *Weems' Appeal,* 63 Pa. St. 309 ; *Ray
v. Loper,* 65 Mo. 470. The amounts, as shown by the
evidence of Benton and Brice Wommack, the two
amounts being necessary to start them in life, are prop-
erly held advancements. *Shiver v. Brock,* 2 Jones (N.
C.) 137 ; *Sandford v. Sandford,* 61 Barb. 294. When
a gift of money or property is made to a child or heir
by a person who afterwards dies intestate, as in this
case, the presumption is that an advancement was in-
tended. *Hallester v. Attmore,* 5 Jones Eq. (N. C.) 373 ;
*Grattan v. Grattan,* 18 Ill. 167 ; *Dillman v. Cox,* 23
Ind. 440 ; *Antrey v. Antrey,* 1 Ala. 542 ; *Mitchell v.*

*Mitchell*, 8 Ala. 414; *Weem's Appeal*, 63 Pa. St. 309. A voluntary conveyance of land by a person to a child, without asking or receiving any consideration therefor, is *prima facie*, an advancement. *Ray v. Loper*, 65 Mo. 475; *Sandford v. Sandford*, 61 Barb. 293; s. c., Lans, 486.

Norton & Dryden and S. Herman, for the defendant in error: Whether property received by the child from the father shall be treated as a gift or as an advancement, depends upon the intention of the parent. Declarations made by the father to third persons, as to his intent, are competent, even though not made in the presence of any of his children. *Cecil v. Cecil*, 20 Md. 156; *Johnson v. Belden*, 20 Conn. 322; *Sherwood v. Smith*, 23 Conn. 521; *Phillips v. Chappell*, 16 Ga. 16; *Dilman v. Cox*, 23 Ind. 442; *Lawson's Appeal*, 23 Pa. St. 86; *Antrey v. Antrey*, 37 Ala. 618. Even though the bill of exceptions states that "this was all the testimony offered," yet, if the record shows that all the testimony is not copied in the record, the court will disregard the statement in the close of the bill of exceptions, and act upon the fact that all the testimony which was before the trial court is not before the appellate court.

Thompson, J., delivered the opinion of the court.

Virginia A. Sleet, a daughter of Richard Wommack, deceased, filed a petition in the probate court, setting up that in his lifetime the deceased made certain advancements to several of his other children, but made none to the petitioner. She, therefore, prayed that an account be taken of the amount advanced to the several children, and that distribution be made of the fund in the hands of the administrator in accordance with the result of such an accounting. On a trial anew in the circuit court, evidence was heard before the court sitting without a jury, from which the court found that the various sums which the deceased had given to some of his children in his lifetime were by him intended as

gifts and not as advancements ; and accordingly entered an order that the fund in the hands of the administrator should be distributed among his heirs without taking into account such sums.    From this order the plaintiff prosecutes a writ of error.

The only ground on which we are asked to reverse the order is, that it is contrary to the weight of the evidence.    We cannot revise the finding of the circuit court upon the evidence, for the conclusive reason that all of the evidence is not in the record.    The bill of exceptions affirmatively shows that the deposition of the administrator, John T. Gilmore, was read in evidence, and this deposition is not copied therein.    *Roberts v. Bartlett*, 26 Mo. App. 611.

Wherefore, it is ordered that the judgment of the circuit court be affirmed.    All the judges concur.