DELLA PIERCE, Appellant, v. J. K. PIERCE et al.,
Respondents.

**Kansas City Court of Appeals, November 1, 1909.**

1. **FORMER JUDGMENT:** Evidence.    A former judgment, when
   offered as evidence in a second action between the same par-
   ties or their privies, is conclusive upon every question involved
   within the issues in such former suit.

2  **PROBATE COURT:** Judgment: **Res Adjudicata.**  The judgment
   of a probate court establishing a claim against an estate, is
   *res adjudicata* in so far as it goes to establish such indebted-
   ness in a proceeding to charge the debt against the estate of
   the deceased husband, who by will bequeathed ' the use of
   his estate to his wife for life, with gift over after her death
   on the payment of her debts.

3. **EQUITY:** Creditors of Devisee.    The proper proceeding to
   establish a claim against the estate of a deceased husband
   who, by will, gave to his wife the use of his estate for life
   with gift over after her death and the payment of her debts,
   for a debt of the wife, is by a bill in equity.

4. **STATUTE OF LIMITATION:** Estates.    The two-year statute
   of limitations for the filing of claims against estates, is inap-
   plicable in a proceeding to establish a debt of the wife against
   the estate of a deceased husband, who by will gave to his wife
   .the use of his property for life with gift over after her death
   on the payment of her debts.

Appeal from the Macon Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

AFFIRMED.

*R. S. Matthews & Son, H. A. White* and *R. W.
Barrow* for appellant.

(1)   John C. Pierce, in his last will and testament,
made and provided in item third of his will, that his
estate should be converted into money and distributed
to his heirs as theirs only "after the death of my said

wife, and the payment of her lawful debts and funeral expenses." The deceased, John C. Pierce, had the right to make the above provision in his will, and the same is payable as directed in his will. Presbyterian Church v. McElhinney, 61 Mo. 540. (2) A suit in equity is the proper remedy to collect the lawful debt of Paulina J. Pierce vs. the Estate of John C. Pierce. The estate of John C. Pierce is not closed in the probate court. The executors had possession and control of the real estate when the suit was begun and tried. The executors of John C. Pierce, deceased, and all his heirs who are residuary legatees when the debts of John C. Pierce and the "lawful debts" of Paulina J. Pierce are paid and are properly made parties defendant. Presbyterian Church v. McElhinney, 61 Mo. 540; State ex rel. v. Lettman, 103 Mo. 558 and cases cited; Crowley v. McCrony, 45 Mo. 350 and case cited. (3) No statutes of limitations applicable to the presentation of claims within two years from the granting of letters can have any application in this case. The special statutes of limitations in regard to debts of a descendant only have an application to debts in existence at the date of the death of deceased. Morgan v. Gibson, 42 Mo. App. 244; Jamison v. Jamison, 72 Mo. 640; Tenny v. Lasley, 80 Mo. 664; Miller v. Wood, 8 Mo. 170; State v. Lihman, 134 Mo. 168.

*B. R. Dysart* and *A. A. Gilstrap* for respondent.

The defendants submit that the said former judgment was not and is not binding and conclusive upon these defendants, and the said judgment was not competent evidence to establish the plaintiff's claim against the estate of John C. Pierce, deceased. It is elementary law that judgments do not bind strangers, and the doctrine is so familiar that it has long since merged into a maxim: *"Res inter alios acta alteri nocere non debet."* 2 Black on Judgments, sec. 600 *et seq.* In order to make a matter *res adjudicata,* there must be a concur-

rence of the following conditions: Identity of the subject-matter of the suit. Identity of the cause of action. Identity of persons and parties to the action. 2 Black on Judgments, sec. 610. This elementary doctrine of *res adjudicata* has been held and enforced by numerous decisions of the appellate courts of this State. Womach v. St. Joseph, 201 Mo. 467; Shannon v. Mastin, 108 S. W. 1116; Dugge v. Stampe, 73 Mo. 513; Henry v. Woods, 77 Mo. 277.

BROADDUS, P. J.—This is a suit in equity to charge the estate of John C. Pierce with a debt contracted by his wife subsequent to his death. John C. Pierce died testate on the 4th day of March, 1900. By the terms of his will his wife was to have the use of all his estate, with rents and profits during her life; and the remainder he disposed of in the following language: "After the death of my said wife, and the payment of her lawful debts and funeral expenses, it is my will that all the rest and remainder of my property both real and personal, be sold and reduced to money, for the purpose of distribution among my children and descendants as hereinafter provided, and my executors hereinafter named are hereby fully authorized and empowered to sell and convey the same, and execute bills of sale and deeds of conveyance necessary and appropriate to convey and vest the title to said property and real estate in the purchaser." The deceased owned little or no personal property at his death. He owned however certain real estate which the plaintiff by these proceedings seeks to charge with the indebtedness of the widow Paulina.

Paulina, the widow, died in September, 1904, more than four years after the death of her husband. She died leaving no estate. An administrator however was appointed by the probate court, and the plaintiff presented a claim for allowance against her estate for services rendered after the death of her husband which

the court allowed, amounting to the sum of $1,100.   It is this judgment that plaintiff seeks to charge against the said real estate of the deceased testator.   The executors and devisees are all made parties.   The judgment of the court was for the defendants and the plaintiff appealed.

We assume from the argument of the respective parties that the court tried the case upon the theory that the judgment of the probate court in plaintiff's favor against the administrator of the estate of said Paulina was not admissible as evidence against defendants, therefore plaintiff was not entitled to recover.

It is well-established law that strangers to a decree are not bound by it.   [Black on Judgments, Vol. 2, sec. 600.]   There need not however in all cases be an identity of the subject-matter, identity of the cause of action, and identity of persons and parties to the suit, for it is a fundamental rule that a former judgment, when offered as evidence in a second action between the same parties or *their privies* is conclusive upon every question involved within the issues in such former suit.   [Idem, sec. 609.]

The judgment of the probate court was a judgment establishing an indebtedness against the estate of Paulina and as such is *res adjudicata* in so far as it goes to establish such indebtedness.   By the provisions of the will the estate of the deceased was charged with such indebtedness which was made a prior lien.   This is not a proceeding to charge defendants personally or their estate with the debts of the wife, but to charge the estate itself.   It is therefore in the nature of a proceeding *in rem*.   The defendants were necessary parties to the suit by reason of the fact that they were entitled to the remainder.   And it may be said that they stand in the relation of privies, to that extent.   It is held that the proper proceeding in a case like this is by bill in equity.   [Presbyterian Church v. McElhinney, 61 Mo. 540.]

The defendants insist that the claim is barred by the two years Statute of Limitations, as more than that period of time had expired since the administration of the estate of the testator.  But we cannot conceive how the statute has any application as the debt was not his own, but one that his will provided should be a charge against his estate, if contracted by his wife during her life however long or short it might be.

Under the evidence offered plaintiff made out her case.  It is therefore ordered that the cause be reversed and judgment entered for the amount of the judgment in controversy.  All concur.