# CLARK v. CARTER, Trustee, et al., Appellants.

### Division Two, December 22, 1906.

1. **PLEADING: Equity: Completed Transaction: Sale of Land by Executrix: Power: Construing Will.** The purchaser of land from the executrix, who received a part of the purchase money and a deed of trust for the balance, cannot maintain a suit in equity to have the court construe the will and determine her power thereunder to convey the land; nor can he commingle such a suit with an injunction against the trustee in the mortgage to prevent him from foreclosing. The transaction is a completed one, and the devisees and legatees under the will are not necessarily parties to it. The purchaser's interest in the will is merely incidental, and in a controversy between him and her as to the validity of the sale or mortgage, the will might be introduced in evidence for the purpose of showing her power to make the conveyance, but he cannot maintain a suit to have the provisions of the will enforced, and a petition having that purpose in view does not state a cause of action.

2. **————: Construing Will: By Whom Suit Maintained.** Purchasers from an executrix, and other persons having no interest under a will, cannot maintain a suit to have the will construed.

3. **————: In Alternative: No Issue.** Where a doubt has arisen as to the validity of a completed transaction, due to a mutual mistake of the grantee in a deed and of the executrix as to her power under a will to make the deed, or due to any like cause, the petition of the grantee, in order to state a cause of action, must make an issue. It cannot simply state the facts, and assume that the court will construe the will and determine therefrom what should be done. It could charge the deed to be void for reasons assigned, ask for its cancellation and a return of the purchase money; or it could allege the validity of the deed, offer to pay the balance of the purchase money, and ask that the deed of trust securing that balance be cancelled. But it cannot simply set up the terms of the transaction and the provisions of the will, and ask that the court construe the will, determine what are plaintiff's rights thereunder, and grant him such relief as he may be entitled to.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans*, Judge.

REVERSED AND REMANDED.

*Orchard & Livesay* and *O. L. Haydon* for appellants.

(1) The petition does not state a cause of action. It does not allege that the estate of Thomas Harber was finally settled, nor is it anywhere alleged that the debts of said estate have been paid off and discharged, nor does it allege that there were no other lands or sufficient other lands out of which to pay the legacies, nor does it set out provisions of the will of Thomas Harber, nor does it set out covenants or recitals of the executrix's deed, all of which must be recited before the court could render judgment on the pleadings. Before a judgment could be rendered on a petition it must state all the facts necessary to inform the court before the court could pass upon it without evidence, and if it fails to come up to that standard, it is bad on demurrer. Every substantial fact which the plaintiff in order to recover must prove, he must also allege in his petition so that an issue can be made thereon. Sidway v. Land & Live Stock Co., 163 Mo. 342. Matters informally stated are aided by verdict, but the omission of the essential averments cannot be so supplied unless the petition contains terms sufficiently general to comprehend them by fair and reasonable intendments. Town of Clinton v. Williams, 53 Mo. 141; Coleman v. Ins. Co., 69 Mo. App. 566; Hyatt v. Royal Pro. Assn., 106 Mo. App. 610; Overton v. Overton, 131 Mo. 559. A pleader should determine in his own mind the legal effect of the written contract or other document that underlies his case and plead it by its legal effect as he understands it and as he proposes to maintain it, otherwise a petition is demurrable. Estes v. Shoe Co., 155 Mo. 577; Anderson v. Gaines, 156 Mo. 664; Reilley v. Cullen, 159 Mo. 322; Schiffman v. Schmit, 154 Mo. 204. (2) The plaintiff first started out by filing a bill of interpleader

and he may contend that it still amounts to that. Our contention is, of course, that he has departed from that in his amended petition. Carico v. Tomlinson, 17 Mo. 499. To entitle one to maintain a bill of interpleader he must be a mere disinterested stakeholder or trustee, impartial in so far as his conduct may influence the judgment to be ultimately rendered, and he must act in good faith and have reasonable cause for a real doubt as to which of the claimants is entitled to the funds. Little v. St. Louis Union Trust Co., 94 S. W. 890; Hartstock v. Christman, 90 S. W. 116; Arn v. Arn, 81 Mo. App. 133; Hathaway v. Fay, 40 Mo. 540.

*J. N. Burroughs* and *M. E. Morrow* for respondent.

(1) It is not necessary for the petition to allege that the estate of Thomas Harber had been finally settled, nor that the debts had all been paid, nor that there were other lands out of which to pay the legacies, nor that it should set out the provisions of the will in full, nor recite the covenants of the executrix's deed. The rule of pleading in an action to construe a will is greatly relaxed. An allegation that a controversy has arisen between the plaintiff and the executor regarding his duties and plaintiff's rights under the will, that doubts have arisen as to its proper construction and that danger to plaintiff's rights was apprehended, unless equity interfered and gave proper directions to the executor, states a good cause of action and will be upheld on demurrer. First Baptist Church v. Robberson, 71 Mo. 326. A party interested in the provisions of a will, or required to take some action, or perform some duty, arising under the will, may have the instrument construed by the courts before acting at his peril. Mersman v. Mersman, 136 Mo. 244. Even a creditor of a legatee or beneficiary under the will may resort in the first instance to a court of equity for a construction of the will and ask for an application of the income of

such beneficiary or legatee to a payment of his debt. Bank of Commerce v. Chambers, 96 Mo. 459. A trustee may ask a construction of a will by a circuit court, the declaration of a trust and its enforcement by a sale of the lands. Hamer v. Cook, 118 Mo. 476. An allegation that a deed has been executed, referring to the book and page where it is recorded, incorporates the deed in the pleading, making it admissible in evidence, and will be upheld on demurrer. Elliott v. Bristow, 185 Mo. 15. (2) The question raised in point 1 of appellants' brief is eliminated by the pleadings themselves. It is alleged in the petition that Margaret M. Harber undertook to convey the land to respondent under a power delegated to her as executrix under the will of Thomas Harber. There are sufficient allegations in the petition itself to bring that provision of the will and the instrument sought to be construed, before the court for construction. But in case it should be held not, the petition will be aided by the answers filed and they certainly contain full allegations of that matter. Ins. Co. v. Tribble & Pratt, 86 Mo. App. 546; Bank v. Pettit, 85 Mo. App. 499; Casler v. Chase, 160 Mo. 418; Newton v. Newton, 162 Mo. 173. (3) Nor is it material by what name the bill be designated, whether it be deemed an action to construe a will, an interpleader, or an ordinary bill in equity asking for affirmative relief. A misnomer of the pleading will not defeat respondent's right to relief. Jewett v. Boardman, 181 Mo. 647; Moberly v. Trenton, 181 Mo. 637. In a bill in the nature of an interpleader, the complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject-matter. 5 Pomeroy's Equity Jurisprudence (Ed. 1905), sec. 60. (4) In equity, demurrer confesses the facts and the equities that arise from those facts. Williams v. Gerber, 75 Mo. App. 18; Dodson v. Lomax, 113 Mo. 555; Verdin v. St. Louis, 131 Mo. 26; Live Stock Co. v. Bank, 95

Mo. App. 251. Since the demurrer admits all the material allegations of the petition, if, taken as a whole, it states a cause of action, the demurrer must be overruled. Plant Co. v. Railroad, 115 Mo. 613. The court should give pleader the benefit of every reasonable intendment. Hood v. Nicholson, 137 Mo. 400. Facts which are necessarily implied from the direct averments in a pleading will be treated as having been pleaded. Weaver v. Harlan, 48 Mo. App. 319. Demurrer does not reach matters defectively stated and should be overruled. State ex rel. v. Edmonson, 71 Mo. App. 172. Objection to a pleading because of indefiniteness should be made by motion to make more definite and certain, and not by demurrer. Cockerill v. Stafford, 102 Mo. 57; McAdam v. Scudder, 127 Mo. 345; O'Connor v. Koch, 56 Mo. 253. After verdict, the petition should not be construed most strictly against the pleader, but should be construed most liberally with a view to substantial justice. Saxton v. Railroad, 98 Mo. App. 494; Bank v. Assurance Co., 106 Mo. App. 114; Munchow v. Munchow, 96 Mo. App. 553. (5) The administrator of the estate of Margaret M. Harber, the trustee in deed of trust, also trustee under the will, and all beneficiaries under the will of Thomas Harber, were proper parties to the determination of the matter in controversy. All of said parties were properly in court, and in determining the question raised on the pleadings, the answer, cross-bill or interplea filed by any of these parties must be considered. First Baptist Church v. Robberson, 71 Mo. 326; Butler v. Lawson, 72 Mo. 227; Haydon v. Marmaduke, 19 Mo. 403. (6) It was the duty of the court to render judgment adjusting the rights and equities of all parties, both plaintiff and defendants. R. S. 1899, sec. 767; Pettingill v. Jones, 30 Mo. App. 280; McCord, Admr., v. McCord, 77 Mo. 166.

FOX, J.—This cause is brought to this court by appeal on the part of G. H. Carter, trustee, and A. C. Donovan, administrator of the estate of Margaret H. Harber, deceased, from a decree and judgment of the circuit court of Howell county, Missouri. The defendants, G. H. Carter, trustee, and A. C. Donovan, administrator of the estate of Mrs. Harber, interposed a demurrer to the amended petition filed by the plaintiff, which demurrer was by the court overruled. Defendants Carter and Donovan refusing to further plead, judgment was rendered upon the face of the pleadings.

The vital question involved in this controversy being the correctness of the action of the trial court in overruling the demurrer, it is therefore essential to a proper understanding of the correctness of such ruling to here reproduce the petition. It was as follows:

"Plaintiff, for his amended bill and cause of action, states that on the — day of April, 1892, one Thomas Harber died testate in Howell county, Missouri, seized and possessed of certain real and personal property, including the following described lands in said Howell county, to-wit, lots one and two of southwest quarter of section 30, township 24, range 8 west; that said Thomas Harber appointed his wife, Margaret M. Harber, executrix without bond of his last will and testament, a copy of which is hereto attached and marked 'Exhibit A' and made a part of this bill.

"Plaintiff further states that by the terms of said last will and testament said testator, among other things, ordered and directed that a portion of his real estate belonging to his estate should be sold sufficient to pay a legacy of $2,000 to each of the defendants, the Board of Missions of the Cumberland Presbyterian Church of St. Louis, Missouri, and the Educational Commission of the McAdow, Missouri, Ozark and Missouri Valley Synods of the Cumberland Presbyterian

Church; said will providing that said legacies should be paid only from the proceeds arising from the sale of real estate. Plaintiff states that after the death of the said Thomas Harber letters testamentary with will annexed were duly granted to the said Margaret M. Harber by the probate court of Howell county, Missouri, and she duly qualified as such executrix; that during the course of the administration of the estate of the said Thomas Harber, deceased, said Margaret M. Harber, executrix of said will, represented to this plaintiff that by virtue of the authority given her in said will she had full legal authority and power to convey an absolute fee simple title to the real estate belonging to said estate; that she had repeatedly exercised such power and authority as such executrix and that her authority had never been questioned; that the then judge of the probate court of said Howell county, where such administration was then pending, advised and gave it as his opinion to this plaintiff that said will authorized and conferred on said executrix the full power to convey an absolute and perfect title to said real estate and that other attorneys advised plaintiff to the same effect; that plaintiff being desirous of buying a farm similar to the lands above described, and believing and relying upon the statements and representations aforesaid, was induced thereby to enter into a contract with said executrix for the purchase of said lands; that in pursuance of said contract, on the 24th day of February, 1898, for a consideration of $1,000, to said executrix paid by this plaintiff, said executrix made, executed and delivered to this plaintiff, her executrix's deed conveying said lands to this plaintiff, which said deed is recorded in Book 63, page 169, records of Howell county, Missouri; and also on same date executed her quit-claim deed to plaintiff to convey her life estate in said lands.

"Plaintiff further states that of the above $1,000

he paid said executrix one-half thereof in cash, and to secure the payment of his promissory note given said executrix for the remaining $500, he executed his deed of trust conveying said lands to defendant G. H. Carter, trustee, which said deed is recorded in Book 64, at page 37, deed records of Howell county, Missouri; that on the — day of February, 1898, Charles Harber, the adopted son of said Thomas Harber, deceased, mentioned in said will, for a nominal consideration, conveyed to this plaintiff by his quitclaim deed all his interest in said land as heir and residuary legatee; that on the 17th day of April, 1901, said Margaret M. Harber departed this life without ever paying any part of the above-mentioned legacies, and defendant A. C. Donovan was duly appointed administrator of her estate by the probate court of Clay county, Missouri, and duly qualified as such administrator; that as such administrator said A. C. Donovan came into possession of the above-mentioned note of $500 executed and delivered to Margaret M. Harber, executrix as aforesaid, which said note is now due and unpaid. Plaintiff states that prior to the maturity of said note the two defendant church institutions hereinbefore mentioned, notified this plaintiff that they claimed the proceeds arising from the sale of said lands on the payment of said legacies and that same and no part thereof had ever been paid them by said Margaret M. Harber and that they claimed the right to re-sell said lands for the reason that said executrix had failed and refused to apply the proceeds arising from the sale of said lands to the payment of said legacies. Plaintiff further states that defendant A. C. Donovan, administrator, and G. H. Carter, trustee, are now about to sell said lands under and by virtue of said deed of trust executed by plaintiff aforesaid and that if they are not restrained and enjoined by this court from so doing they will sell same and this plaintiff will sustain irreparable injury for

which he had no adequate remedy at law; that said injuries are caused by the failure and refusal of said Margaret M. Harber, executrix as aforesaid, to apply the proceeds of the sale of said real estate to the payment of said legacies; and from a possible mistake and misunderstanding on the part of both this plaintiff and said executrix as to her power under and by virtue of said last will. Plaintiff further states that he purchased said lands in good faith, relying on the statements and representations made to him as aforesaid by said executrix and legal counsel, and the recitals in said executrix's deed, of the powers conferred on said executrix by said will. That he entered into possession of said lands to make it a home for himself and family, and made valuable improvements thereon by clearing new lands, fertilizing old lands, and building new fences, till said farm is now worth five hundred dollars more than when plaintiff purchased the same.

"Wherefore plaintiff prays a decree of this court construing said will as affecting the title of said land and the rights and equities of this plaintiff; and until the court can hear said cause and render a decree therein, plaintiff prays for a temporary injunction against defendants G. H. Carter, trustee, and A. C. Donovan, administrator, restraining and enjoining them from selling said land until the decree of this court may be rendered directing him to whom said note ought to be paid. The amount due on said note is herewith tendered into court. And should such construction be to the effect that said will conferred upon said executrix power and authority to sell said lands according to the understanding of this plaintiff at the time he purchased same as aforesaid, and the professed understanding of said executrix, then, and in that event, this plaintiff is ready and willing to pay said note to defendant A. C. Donovan, administrator, and then prays

that the title of said land be vested absolutely in plaintiff, discharged of all incumbrances whatsoever. But if said construction be adverse to such powers as said executrix claimed to have and pretended to exercise as aforesaid; or that by reason of said executrix's failure to apply said trust funds in payment of said legacies, plaintiff's title to said lands has failed, then in that event, plaintiff alleges and avers that there is a total failure of consideration for the note executed by plaintiff and delivered to said executrix as aforesaid, and a like failure of consideration for the five hundred dollars heretofore paid her. And that such a decree may be properly rendered, and complete justice done, plaintiff tenders into court his quitclaim deed to said lands to be delivered to defendant A. C. Donovan, should the court so decree, and prays that said Donovan, administrator, be ordered to deliver up said note given by plaintiff to said executrix, and that the same be cancelled and for naught held, and that the deed of trust given by plaintiff to secure the payment of said note be cancelled and for naught held, and that plaintiff be decreed a judgment against the defendant A. C. Donovan, administrator, of the estate of said Margaret M. Harber, deceased, for the sum of five hundred dollars paid said Margaret M. Harber as aforesaid; and for such other and further judgments and decrees as to the court may seem equitable and in good conscience.''

There were other parties made defendants in this proceeding, that is to say, The Board of Missions of the Cumberland Presbyterian Church and the Educational Commission of the McAdow, Missouri, Ozark and Missouri Valley Synods of the Cumberland Presbyterian Church, as well as one Milton Moore, who it was claimed was a trustee named in the will. The Board of Missions as well as the Educational Board of the Presbyterian Church filed answers in this cause, in which they stated substantially and maintain that the

deed under which plaintiff claims is void, and further that one Milton Moore, as trustee, had authority under the terms of the will to convey the property, and that Margaret M. Harber had no such authority, and prays the court to declare such executrix's deed void and direct the trustee under the will, Milton Moore, to proceed to sell the land in question for the payment of their legacies. Milton Moore filed his answer, wherein he claimed to be the trustee appointed under the will, with power to sell the land in question, and practically adopts the allegations of the answers of the other defendant Boards. The demurrer to the petition as herein indicated, interposed by G. H. Carter, trustee, and A. C. Donovan, was as follows:

"Now comes A. C. Donovan, as administrator of the estate of Margaret M. Harber, deceased, and demurs to the amended petition and bill of interplea of T. W. Clark for the reasons following, to-wit:

"1st.   Because said petition states no cause of action.

"2d.   Because by the statements in said amended bill of interplea of plaintiff he is not entitled to the relief sought and is not entitled to any relief.

"3d.   Because said amended petition and interplea is vague, indefinite and uncertain and does not state facts sufficient to constitute a cause of action and under the statements therein the plaintiff is not entitled to any relief."

On the 11th day of September, 1903, the court overruled the demurrer as herein indicated, to which action of the court the defendants G. H. Carter and A. C. Donovan then and there in open court objected and excepted at the time. The defendants filing such demurrer refused to further plead and elected to stand on their demurrer. Whereupon the court on the 12th day of September and during the session of said court proceeded to make a finding and render judgment on

the pleadings and did then and there on said 12th day of September, 1903, make and enter the finding and judgment, which, omitting caption, is as follows, to-wit:

"Now on this day comes the plaintiff by his attorney, M. E. Morrow, and comes the defendant A. C. Donovan, administrator of the estate of Margaret M. Harber, deceased, by Orchard & Livesay and O. L. Haydon, his attorneys, and come defendants the Board of Missions of the Cumberland Presbyterian Church, the Educational Commission of the McAdow, Missouri, Ozark and Missouri Valley Synods of the Cumberland Presbyterian Church, and Milton Moore, trustee, by Green & Clark, their attorneys. And the court finds that the remaining defendants herein have been duly summoned and come not though solemnly called, but make default herein. And this cause coming on regularly for trial upon petition and demurrer filed by defendant, A. C. Donovan, administrator, and answer of defendants, The Board of Missions of the Cumberland Presbyterian Church and the Educational Commission of the McAdow, Missouri, Ozark and Missouri Valley Synods of the Cumberland Presbyterian Church, and Milton Moore, trustee.

"And the court finds that no reply has been filed to the answer of the three last-named defendants and that said answers are thereby taken as confessed. And the court being fully advised in the premises overruled said demurrer.

"And the court finds that heretofore Thomas Harber died testate in Howell county, Missouri; that his last will was duly probated by the probate court of said Howell county, on the 27th day of April, 1892; that in said last-named will said Harber provided that there should be paid to said defendant, The Board of Missions of the Cumberland Church and defendant, The Educational Commission of the McAdow, Missouri,

Ozark and Missouri Valley Synods of the Cumberland Presbyterian Church, each the sum of two thousand dollars; that said bequests should be paid from the sales of real estate only; that said Harber by his last will appointed the defendant, Milton Moore, trustee, with full power to sell real estate left by him, sufficient for the payment of said bequests; that at the time of his death the said Thomas Harber was the owner in fee of the following described real estate, situate in the county of Howell, in the State of Missouri, viz., lots one and two of the southwest quarter of section thirty, township twenty-four, range eight west.

"And the court finds that Margaret M. Harber was appointed executrix of said last will and entered upon the discharge of her duties as such about the 27th day of April, 1892; that the said Margaret M. Harber departed this life on the 17th day of April, 1901, and the defendant, A. C. Donovan, was duly appointed administrator of her estate and is now in the discharge thereof; that on the 24th day of February, 1898, for the consideration of one thousand dollars, the said Margaret M. Harber, as executrix of the estate of said Thomas Harber, deceased, undertook to convey to the plaintiff herein, the tracts of land last above described and executed to him a deed therefor, of record in the office of the recorder of deeds of said county, in book 63 at page 169; that in payment for said land plaintiff paid to the said executrix the sum of five hundred dollars in money and executed and delivered to her a note of the date last aforesaid, for the sum of five hundred dollars, and executed and delivered to the defendant, G. H. Carter, trustee, a deed of trust, of record in the office of said recorder of deeds in book 64 at page 37, by which he conveyed to the said Carter the said tracts of land as security for the payment of said note, and the court finds that said executrix, as such, has no power to convey the title to said tracts of

land and that the deed by her to the plaintiff conveyed no title to the same; that the payment by plaintiff to said executrix of the said sum five hundred dollars and the execution and delivery by him to her of said note for a like sum and the execution and delivery by him to G. H. Carter, trustee of said deed conveying said lots of land to secure the payment of said note, were without consideration and were obtained under mutual mistake of facts.

"And the court finds that the said legacies were not paid by the said Margaret M. Harber. And the court finds that plaintiff is entitled to recover from the estate of the said Margaret M. Harber, deceased, the said sum of money so paid her as consideration of said land aforesaid, also that said note for the remainder of said consideration and the deed of trust securing same should be deemed cancelled and for naught held.

"And the defendant, A. C. Donovan, elects to stand upon his said demurrer and refuses to plead further. It is therefore adjudged and decreed by the court that judgment for want of answer be, and is hereby rendered, in favor of the plaintiff and against the said A. C. Donovan, administrator of the estate of Margaret M. Harber, deceased.

"And it is further ordered that said note for five hundred dollars, dated February 24, 1898, and the said deed of trust executed by the plaintiff conveying said tracts of land to G. H. Carter, trustee, for the said Margaret M. Harber, executrix, of the date and of record as last aforesaid, be, and the same are hereby cancelled and for naught held.

"And the court further adjudges and decrees that plaintiff have and recover of the defendant A. C. Donovan, administrator of the estate of Margaret M. Harber, deceased, the sum of five hundred dollars on account of the sum so paid by the plaintiff to her as consideration for said lots of land to be made and

levied of the property in his hands, or that may come into his hands belonging to the estate of said Margaret M. Harber, deceased.

"And it is further ordered by the court that said Milton Moore, as trustee, sell said lands free and clear of all claims of all the parties to this cause, either at public or private sale, on such terms as he may deem best and that out of the proceeds pay each of the beneficiaries before mentioned, the sum of two thousand dollars. That if the proceeds of such sale be not sufficient to pay both of said bequests in full, then same be paid pro rata; that should there be a surplus after said bequests are satisfied, then the same shall be paid to Charles Harber as provided in said will, or to his assigns.

"It is further ordered that said defendant Donovan, administrator as aforesaid, pay out of the estate of the said Margaret M. Harber, deceased, all costs incurred herein, except the costs made by Milton Moore and the two beneficiaries herein. And that the costs made by the three last-named defendants be paid by the plaintiff and that execution issue accordingly.

"It is further ordered, adjudged and decreed by the court that the temporary injunction heretofore granted plaintiff against defendants G. H. Carter, trustee, and A. C. Donovan, administrator, be and the same is hereby made perpetual."

Timely motions for new trial and in arrest of judgment were filed by the defendants who are appealing in this cause, which were by the court overruled, and from the decree and judgment rendered in this cause, this appeal was in proper form prosecuted to this court, and the record is now before us for consideration.

OPINION.

At the very inception of this controversy upon the disclosures of the record we confess that great dif-

200 Sup.—34

ficulty confronts us in determining the precise nature and character of this proceeding, as well as the relief sought by the amended petition upon which the decree and judgment of the court is predicated. While we fully agree with learned counsel for respondent that it is immaterial by what name the bill is designated, whether it be deemed an action to construe a will, an interpleader or an original bill in equity asking for affirmative relief; yet this does not dispense with the essential requirement that the bill must show upon its face a clear right of the plaintiff to maintain such an action, and the allegations of the bill must fully warrant the finding and judgment of the trial court based upon it.

We have carefully analyzed the amended petition as well as the answers of the parties defendants who filed answers in this cause upon which pleadings the learned trial judge entered the judgment and decree as herein indicated, and we are of the opinion that such decree and judgment is manifestly erroneous. It is apparent upon the face of the petition that this controversy is one solely between the plaintiff and A. C. Donovan, administrator of the estate of Margaret M. Harber, and the trustee in the deed of trust given to secure the payment of the balance of the purchase money in the sale of the land by Margaret M. Harber to the plaintiff. The business transaction of the sale of the land designated in the petition by Margaret M. Harber to the plaintiff, the execution by her of a deed to the plaintiff, the payment of $500 of the purchase money, and the execution of a note for $500, the balance of the purchase money, and a deed of trust to secure the payment of such note, are a completed transaction, and the rights and remedies relative to such transaction, or arising from it, concern no one except the parties to it. It is clear and it is made manifest upon the face of the petition that the purpose of this pro-

ceeding is to simply have the court determine whether a sale of real estate fully completed with all the title papers fully executed, is valid or invalid, and it is sought to obtain the judgment of the court upon the validity of such sale upon the theory that plaintiff has the right to proceed in equity by a bill of interpleader in which it is sought to have the chancellor construe the provisions of a will executed by Thomas Harber in his life time.

There is nothing unusual in courts of equity entertaining jurisdiction of suits to construe wills, for it is a part of the ancient and well-defined jurisdiction of the courts of chancery to construe wills and declare the trust created thereby, but this by no means is to be construed as authorizing any person, regardless of the relation in which they stand to the will, to maintain such a proceeding. Where an executor or trustee named in a will has any doubt as to the proper construction of the terms of the instrument they are required to enforce and carry out, either may very appropriately institute a proceeding to have the will properly construed and the duties of the executor or trustee defined by the decree of the court, or where devisees or legatees are entitled to certain rights and claims under the provisions of a will and the executors or trustees named in the will refuse or fail to execute and carry out the provisions of the will as contemplated by the testator, courts of equity may entertain suits instituted by such legatees or devisees for the purpose of construing, and as well as enforcing, the provisions of the will as construed by the court. As applicable to this will defendant Moore, who claims to be the duly appointed trustee in the will to execute certain conveyances, and the Cumberland Presbyterian Church organizations that are made defendants in this proceeding, if they are in doubt as to the proper construction of the terms of the will, might very appropriately institute a proceeding to have such

will construed and its provisions enforced in accordance with the proper construction as decreed by the court, but upon the facts as stated in the petition this plaintiff has no such interest in the will of Thomas Harber as would authorize him to maintain an action in a court of equity to have such will construed and its provisions enforced. His interest in the will is merely incidental to a business transaction between him and Mrs. Harber which has been fully completed, and in a controversy between the plaintiff and the estate of Mrs. Harber, or of any one else, respecting the validity of the sale of the land by Mrs. Harber to the plaintiff, such will might be introduced in evidence for the purpose of showing the power to make the conveyance or the want of power to make it, and the court proceeding with that case, as an incident in the trial of it, might be called upon to construe particular provisions of the will, but that this plaintiff cannot, for the purpose of obtaining the judgment of a court upon a past transaction which has been fully completed, institute this proceeding, thereby bringing parties into court who are interested in the provisions of the will, and ask the court to adjudicate the differences between him and the estate of Mrs. Harber upon a transaction which is past and fully completed, and construe the provisions of the will and enforce them in accordance with such construction, is in our opinion too plain for discussion. In other words, the controversy between the plaintiff and the estate of Mrs. Harber as to the purchase money paid and the note and deed of trust for the balance of the purchase money, cannot be litigated or determined upon the allegations of the petition in this proceeding upon the theory that this is a proceeding asking the court to construe the provisions of a will. It is equally clear that the plaintiff cannot by making parties defendants who have the right to have this will construed, bring them into court and then by their an-

swers asking for the construction of the will and the enforcement of its provisions, convert the proceeding into an original one by such defendants and thereby obtain for them the relief to which they would have been entitled had they instituted an original proceeding for that purpose. The defendant Moore and the church organizations were not proper parties to this proceeding, and, as before stated, the only parties who have any interest in the controversy respecting the sale of the land by Mrs. Harber to the plaintiff, are the administrator of her estate and the trustee in the deed of trust given to secure the promissory note for the balance of the purchase money. It is manifest that plaintiff in this suit is proceeding upon the theory that he can have the controversy between him and the estate of Mrs. Harber adjusted and litigated in a proceeding to construe the will of Thomas Harber. This cannot be done. Doubtless plaintiff, in the purchase of the land from Mrs. Harber, acted in perfect good faith, as indicated by the allegations in the petition, and there is nothing disclosed by the record which would indicate otherwise, but if he failed to obtain any title to the land by reason of want of power under the provisions of the will in Mrs. Harber to convey the same, and he is seeking to recover the purchase money paid and the cancellation of the note and deed of trust, then his remedy, if he has any, about which we express no opinion, must be sought against the estate of Mrs. Harber, deceased, and the trustee in the deed of trust, along lines which are frequently recognized by courts of equity, that the sale was made through mistake of both law and fact, and that the note executed for the balance of the purchase money, as well as the deed of trust, are without consideration; but in order to state a cause of action along those lines the plaintiff must take a position that there was no power in Mrs. Harber to make such sale, and the allegations in the petition must be in harmony with the position taken upon that subject.

It will be observed that the petition in this cause neither alleges that there was no power nor that there was power in Mrs. Harber to make the sale, but simply proceeds upon the theory that he can state the facts connected with the making of such sale upon the theory that the court will construe the will and determine the validity of a business transaction that has been long since fully completed. This cannot be done. Thus it follows that the amended bill filed by plaintiff fails to state sufficient facts to authorize the court to render a decree construing the provisions of the will of Thomas Harber or a judgment enforcing the provisions of such will in accordance with such construction. It also fails to state a cause of action against the defendant A. C. Donovan, administrator of the estate of Mrs. Harber, deceased, and G. H. Carter, trustee in the deed of trust, for the recovery of the purchase money paid and the cancellation of the note and deed of trust given for the balance of the purchase money, which would support the judgment and decree rendered in the cause upon that branch of this case. The petition does not state a cause of action upon the theory that plaintiff has a right to have the judgment of the court as to the proper party to whom to pay the balance of the purchase money, for it is manifest from the allegations in the petition that, if the plaintiff is to pay the balance of the purchase money evidenced by his note to Mrs. Harber, there is only one person to whom such money must be paid and that is the administrator of the estate of Mrs. Harber. If Mrs. Harber had no power to execute the trust indicated in the will in respect to the sale of land to pay the legacies to the church organizations, then a sale made by her without any such power would be void, and the fund arising from such sale could in no sense be a trust fund and such church organizations would have no cause of action to recover such fund; and, while their rights to have the land sold by the proper and legally authorized trustee would not be af-

fected by such unauthorized sale by Mrs. Harber, yet neither they nor the plaintiff would be in any position to ask the court to decree that they were entitled to a fund realized by an unauthorized sale of the land.

In support of the contention of respondent that this is a good pleading for the purpose of having the will of Thomas Harber construed, our attention is directed to the case of First Baptist Church v. Robberson, 71 Mo. 326. A careful examination of that case will clearly demonstrate that it is in perfect harmony with the conclusions reached in this cause, as herein expressed. In other words, it is clearly pointed out in that case that executors and trustee, or other persons interested in the provisions of a will, may institute an equitable proceeding for the purpose of construing the provisions of the will and defining duties of the executor or trustee, for the purpose of forestalling any wrongful acts in the administration of the estate or anticipated mischief, which may result during the course of the administration. That case nowhere indicates that a proceeding may be maintained upon the theory of construing a will for the purpose of adjudicating the validity of past occurrences and transactions which are completed, but on the other hand it is strongly intimated that such a proceeding cannot be maintained, and such is not the purpose and object sought by suits for the construction of wills. That case was one in equity for the purpose of having a will construed. One of the controverted questions arising in it was as to whether the jurisdiction was in the circuit court as a court of equity or in the probate court under the provisions of the statute. In the discussion of that proposition, SHERWOOD, J., very clearly pointed out the nature and character of actions to construe wills and the purposes and objects sought by such proceeding. He said: "The powers invoked here are not within the scope,

grasp or jurisdiction of probate courts; but powers possessed alone by courts of equity—possessed independent of and long anterior to the existence of the statute mentioned—possessed for the beneficent purpose of affording relief where no adequate redress can be afforded under the ordinary course of legal procedure. Now it has been determined that probate courts in this State possess no chancery powers. [Presbyterian Church v. McElhinney, 61 Mo. 540.] But it is only in a tribunal possessing such powers that an executor or administrator can file a bill in the nature of a bill of interpleader, in order to have his duties defined and his pathway marked out by the decree of a court fully competent to adjudicate upon the complex questions which sometimes arise in the course of administration. And the reason why a court of equity is the only tribunal thus competent is because a court of law can deal alone with past occurrences, while the peculiar province and distinguishing feature of the court of equity is to administer preventive justice; to entertain measures of precautionary relief; to forestall wrongs or anticipated mischief; and in affording its comprehension and wide-reaching relief, extend its arm *in futuro;* arrest the progress of impending evils and thwart the threatened danger."

Our attention is also directed to the cases of Mersman v. Mersman, 136 Mo. 244; Bank of Commerce v. Chambers, 96 Mo. 459; Hamer v. Cook, 118 Mo. 476. These cases in no way conflict with the conclusions as herein expressed applicable to the case at bar. The rule announced that parties interested in the provisions of a will, who are required to take some action or perform some duty arising under the will, may have the terms construed by the courts before acting, is conceded and expressly stated in this opinion. But on the other hand, it is nowhere indicated in those cases that where a transaction has been fully completed, simply because

the provisions of the will may have been an incident in the entering into and completing of such transaction between the parties, that a plaintiff may maintain a suit for the construction of such will and thereby have such past occurrences and completed transactions adjudicated and settled.

We deem it unnecessary to pursue this subject further. We have indicated our views upon this proceeding which results in the conclusion that the decree and judgment rendered in this cause must be reversed. If the sale to plaintiff was void, whatever remedy he may have (about which we express no opinion), must be litigated between the parties as herein suggested. A. C. Donovan, administrator of the estate of Mrs. Harber, and G. H. Carter, trustee, have been served with process and are in court. The injunction is also in force and if the plaintiff is in a position to file an amended petition stating a cause of action along the lines herein indicated, we are inclined to give him an opportunity of so doing, or if he prefers to adjudicate the validity of the sale made by Mrs. Harber to him in his defense to the proceeding to enforce the collection of the balance of the purchase money, then he may dismiss this proceeding and adopt that course.

Entertaining the views as herein expressed, the judgment and decree of the trial court should be reversed and the cause remanded, and it is so ordered.

All concur.