NELLIE EULALIA McCUTCHEON *et al.* Appellants, *vs.* THE. PULLMAN TRUST AND SAVINGS BANK *et al.* Appellees.

*Opinion filed October 25, 1911—Petition stricken Dec. 6, 1911.*

1. WILLS—*heir may invoke jurisdiction of equity to construe will though he denies validity of trust.* The right to invoke the jurisdiction of a court of equity to construe a will creating a trust is not confined to the trustees but extends to the *cestuis que trustent* and others interested, including an heir who denies the validity of the trust.

2. SAME—*rule where a will is susceptible of two constructions.* Where a will is susceptible of two constructions, one of which will render it valid and the other void, the courts, if they can do so without violating the testator's intention, will adopt the construction which will render the will valid.

3. SAME—*effect of rule against perpetuities.* The rule against perpetuities declares no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest.

4. SAME—*when a trust provision does not violate rule against perpetuities.* A clause creating a trust does not violate the rule against perpetuities even though it provides that the title to the real estate shall vest in the trustees upon the order of the discharge of the executor having been entered, (which might never be done,) where it also fixes a definite time for the termination of the trust and directs the trustees to make distribution at that time, as in such case the title will vest in the trustees for the purpose of

making distribution, whether the order discharging the executor has been entered or not.

5. SAME—*when executor is entitled to collect income from real estate.* A clause in a will empowering the executor, until discharged, to mortgage or sell any or all the real estate and re-invest the same, and to invest all the income arising from the estate over and above the amount necessary to pay the bequests or annuities to be paid to the beneficiaries, authorizes the executor, until discharged, to collect the income from the estate, both real and personal, and to invest the surplus after paying the bequests and annuities, even though there is no specific devise of the real estate to the executor.

DUNN, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

GUSTAVE NELSON, (CARL V. WISNER, of counsel,) for appellants.

ALBERT M. KALES, and JAMES A. DONNELLY, for appellee Henry VanderSyde.

FREDERIC R. DEYOUNG, and G. M. PETERS, (WILLIAM BURRY, of counsel,) for other appellees.

Per CURIAM: Goris VanderSyde died May 12, 1909, owning personal property and real estate in Cook county, where he had lived, and leaving a will, which was admitted to probate. He left a widow surviving him, and his heirs were his two sons, Leonard and Henry, his grand-daughter Nellie Eulalia McCutcheon, the daughter of a deceased daughter, and his grandchildren Earl G. VanderSyde and Ellen VanderSyde, the children of a deceased son. The grandchildren being minors, Henry VanderSyde was appointed their guardian, and on November 2, 1909, filed a bill on their behalf and in their names in the circuit court of Cook county against the widow and sons of Goris VanderSyde, the Pullman Trust and Savings Bank as the exec-

utor of his will, and the Pullman Trust and Savings Bank, George Dalenberg and Peter Dalenberg, as trustees under said will, for an accounting of the rents and profits of the real estate collected by the executor, the appointment of a receiver of the rents and profits of said real estate, an injunction restraining the executor from collecting the same, and for a decree declaring the will inoperative and void as to said real estate. The widow and the son Henry filed an answer jointly, which neither admitted nor denied the allegations of the bill. The other defendants filed a joint general demurrer to the bill, which was sustained, the bill was dismissed and the complainants appealed.

The bill alleges that the testator made no valid disposition of his real estate, and that his will is void, in law, because in violation of the rule against perpetuities. After providing for the payment of testator's debts and funeral expenses and certain legacies, the will, by clauses 6 to 11, inclusive, directs the payment by his executors until their discharge, and thereafter by his trustees subsequently named, of annuities to his widow, sons and grandchildren, and defines the powers conferred and duties imposed upon the executor and the trustees. It is the twelfth clause of the will which makes the final disposition of all of the testator's estate, and that clause is as follows:

"*Twelfth*—As soon as all my debts, funeral expenses and the bequests mentioned in paragraphs 4 and 5 shall have been fully paid and the semi-annual payments which shall have become due for a period of one year after my death under the provisions hereinabove named have been fully paid by my executor, such executor shall deliver and pay over to the Pullman Trust and Savings Bank, George Dalenberg and Peter Dalenberg, as trustees, all my personal property then remaining in its hands as such executor and shall apply for its discharge as such executor, and immediately upon the order of discharge having been entered, the title to all my real estate remaining unsold shall thereupon

immediately vest in the said trustees, to have and to hold to them, and the survivor of them, and to their successors in trust, in trust for the uses and purposes herein set forth; and I hereby authorize my executor until the time of its discharge, and my said trustees thereafter, to make, execute, acknowledge and deliver each and every instrument in writing, whether under seal or otherwise, which may become necessary in the performance of the trusts hereby conferred upon them; and my said trustees shall continue to hold the title to the said trust estate which shall remain in their hands, in whatsoever form it may be, until the death of my said wife and for a period of at least ten years after my death. At the end of ten years after my death, if my wife be not then living, and immediately after her death, if she shall survive me more than ten years, my said trustees shall divide all my said estate then remaining in their hands into four equal parts, and shall deliver one part to my son Leonard, one part to my son Henry, one part to my grandchild Nellie Eulalia McCutcheon, (daughter of my deceased daughter, Nellie McCutcheon,) and the remaining part in two equal portions to my grandchildren Earl G. and Ellen, (children of my deceased son, George,) and in case any of said above named beneficiaries shall have died before the said time of distribution, his or her share shall be given to his or her descendants. In case, at the time of the distribution above provided for, my trustees shall deem it to the best interests of my son Henry that said trustees should continue to hold his share in trust, they shall have full power to do so. This shall rest entirely in the discretion of my said trustees, and they shall in that case retain such share or shares and pay the entire income therefrom to Henry so long as he lives or so long as said trustees shall deem it to the best interests of said son that his share be withheld from him, full power being given to my said trustees to pay over the said share of said Henry at any time after the time of general distribution

that they deem it to be for his best interests, and in case they do not pay over his share but continue to hold the same until his death, they shall immediately upon his death pay the income thereof to his wife in semi-annual payments during her lifetime, and after her death the share of my son Henry shall be divided among my legal heirs *per stirpes* and not *per capita,* as hereinbefore provided."

It is alleged that the widow has renounced the provisions of the will in her favor; that the Pullman Trust and Savings Bank, as executor, has collected a large amount of rents from said real estate, has refused to account for the same, and has notified the tenants that it, alone, has authority to collect the rents.

A preliminary question is presented by the claim of the appellees that the circuit court did not have jurisdiction of the subject matter of the suit because the sole question of the suit was to settle the legal title to the real estate left by the testator. It is insisted that an heir denying a trust under a will cannot invoke the jurisdiction of a court of equity to determine its existence or for the construction thereof. The question was decided otherwise in *Orr* v. *Yates,* 209 Ill. 222. The jurisdiction of equity to interpret wills arises out of the general jurisdiction of chancery over trusts, and the right to invoke this jurisdiction is not confined to trustees but extends also to *cestuis que trustent* and others interested. In the case cited, the bill was filed by the heirs and alleged that the trust attempted to be created was void. The prayer was, that the court would construe the will and set aside that portion thereof which created the trust because of uncertainty and remoteness and declare the complainant to be the owner, in fee simple, of the lands. This court held that an issue was presented as to the existence of a trust, and that the circuit court had jurisdiction to determine whether or not a trust was created, and if it was created, to construe it.

The chief contention of appellants is based upon the alleged invalidity of the will under the rule against perpetuities. Under this contention it is insisted that the limitation to the trustees is too remote because conditioned upon an event which may not occur within twenty-one years after the testator's death, viz., the payment of the testator's debts, funeral expenses and bequests, the application of the executor for his discharge and the entry of the order of discharge of the executor.

The rule against perpetuities declares that no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after some life in being at the creation of the interest. A careful consideration of this clause of the will discloses that the testator did not desire to fix that period absolutely as the time when the title should vest in the trustees, for he further provided for a period of distribution of the estate by the trustees among the beneficiaries. That period of distribution was fixed at the end of ten years after his death, if his wife be not then living, or immediately after her death if she should survive him more than ten years, and the trustees are specifically directed to divide the estate, in the manner directed by the will, at that time. This provision of the will is not entirely consistent with the other provision that the title should vest in the trustees upon the order of discharge of the executor having been entered. These two provisions make this clause of the will susceptible of two constructions, one of which would render it valid and the other void. Where a will is susceptible of two constructions, one of which will render it valid and the other void, the courts will, if they can without doing violence to the intention of the testator, adopt the construction that will render the will valid. (*Heisen* v. *Ellis,* 247 Ill. 418.) The intention of the testator here is plain. He desired to create a trust which should be terminated at the end of ten years after his death, or if his widow was then

living, at the time of her death. The active duties of the trustees consist of managing the estate generally, of investing the moneys of the estate, collecting the income, paying the expenses incident to the management and preservation of the estate and of paying the annuities or bequests provided for in the will. These same duties were imposed upon the executor during its administration of the estate, so that the administration of the trustees up to the point of distribution would be but a continuation of that part of the administration of the executor. In order that there should be no break in the management of the estate or in the scheme of the testator, he provided that title should vest in the trustees and they should assume charge upon the discharge of the executor. That he intended, however, that in no event should the title vest in the trustees until the discharge of the executor is negatived by the fact that he provided for a time for the distribution of the estate, with the possible exception of the share of his son Henry. The duration of the trust cannot exceed the time set for its termination, and the trustees would be unable to take the trust after the time fixed for its termination. It would be doing violence to the intention of the testator to construe this whole clause to mean that he had created a perfectly valid trust which must fail for the want of a trustee to perform. We think it clear that the testator intended that the title should vest in the trustees upon the discharge of the executor in case the executor should be discharged before ten years after his death or before the death of his widow if she should survive the ten-year period, and that, in any event, whether or not the executor should then be discharged, the title should vest in the trustees, for the purpose of making the distribution provided for by the will, at the time designated for the termination of the trust. Under this construction this clause of the will does not violate the rule against perpetuities but is a valid devise.

It is further contended that the court erred in sustaining the demurrer, for the reason that the bill prayed for an accounting of the rents and profits from the real estate which had been collected and retained by the executor. The position of appellants is, that as there was a specific devise of the realty to take effect *in futuro,* and the income was not disposed of, in the meantime it passed to the heirs-at-law. There is no specific devise of the realty to the executor, but by the eleventh clause of the will it is provided as follows: "I hereby give my executor until it shall be discharged, and my trustees hereinafter named, thereafter, full power to mortgage or sell any or all of my real estate, and to re-invest the same in real estate loans, government or municipal, or other good bonds, and to invest all the income arising from my said estate, over and above the amount necessary to make said semi-annual payments, in real estate loans, government, municipal or other good bonds, and I leave it entirely within the discretion of my executor, until its discharge, and in my trustees thereafter, as to what investments shall be made." The semi-annual payments referred to in this clause of the will are bequests or annuities made and directed to be paid to the beneficiaries in the will. By this clause of the will the executor was not only empowered to mortgage, sell and convey the real estate when necessary, but was empowered and directed to collect all the income arising from the estate, both real and personal, and to invest the surplus after making the semi-annual payments provided for in the will. Appellants are not entitled to an accounting.

The action of the court in sustaining the demurrer and dismissing the bill for want of equity was proper, and its decree is affirmed.                 *Decree affirmed.*

Mr. JUSTICE DUNN, dissenting.