CHARLES HAUGH, Appellant, v. EDWARD A. BOKERN, Administrator; PETER A. REQUENA, MANUEL G. REQUENA, JOSE LUIS REQUENA, FREDERICK J. BOKERN, JR., HILDA HAMILTON and Unknown Holders of Promissory Notes made by Emilia Kirns.—30 S. W. (2d) 47.

Division One, July 9, 1930.

1144

*Igoe, Carroll, Higgs & Keefe* for appellant.

*Rassieur, Long & Yawitz* for respondents.

GANTT, J.—Plaintiff seeks construction of the will of Peter Kirns who died in the city of St. Louis on May 31, 1916. Defendants presented a demurrer on the grounds that a court of equity had no jurisdiction of the action and that the petition did not state a cause of action. The demurrer was sustained. On plaintiff's refusal to further plead, final judgment was rendered and plaintiff appealed. A copy of the will as set forth in the petition follows:

"I, Peter Kirns, of the City of St. Louis, State of Missouri, do make and publish this my last will and testament, hereby revoking all former wills made by me.

"First, I desire and direct that my funeral expenses, and all just and legal debts that I may owe at the time of my death be paid in full.

"Second, I will and bequeath to my sister Mary Haugh of Barrie, Ontario, Canada, the sum of Twenty-five dollars a month during her lifetime, to be paid to her out of my estate.

"Third, I will and devise to my dearly beloved wife, Emilia Kirns, all the rest and residue of my estate, real and personal, of all kinds whatsoever and wherever found. I earnestly desire and request my wife to keep the real estate situated at 7th and Walnut Streets, and known as numbers 101 and 103 South Seventh Street, being in Block number 186 in the City of St. Louis, Missouri, so that she may have a sure income for her support as long as she lives, this, however, is not imperative; she is at liberty to use her own judgment and discretion in this matter.

"Fourth, I hereby nominate and appoint my said wife executrix, without bond, of this my last will and testament."

It is then alleged that the will was admitted to probate in the city of St. Louis on June 5, 1916; that Emilia Kirns qualified as executrix and administered upon the estate; that no children were born of the marriage of Peter Kirns and Emilia Kirns; that Peter left surviving him a sister, Mary Haugh, who died on the —— day of ———— 19—; that plaintiff is the son of Mary Haugh and a nephew of Peter; that Peter at the time of his death was the owner of real estate in the City of St. Louis of the value of $30,000; that under the provisions of the will there are conflicting claims to said real estate between plaintiff and defendants; that Emilia Kirns was given, by the terms of the will, only a life estate with a power of disposition only in the event that during her life a disposition of the real estate was necessary for her support; that at no time during her life did her financial condition become such that it was necessary for her to make a disposition of said real

estate for that purpose; that under the will, plaintiff is entitled to the real estate therein mentioned and particularly the real estate described therein; that Emilia Kirns, without necessity therefor and without authority so to do, executed a deed of trust to Frederick J. Bokern, Jr., trustee for Hilda B. Hamilton, on the real estate described in the will to secure the payment of certain notes; that at that time, the income from said real estate was more than sufficient for the support of Emilia Kirns, and the contingencies upon which she might exercise her discretion given in the will had not arisen; that Hilda B. Hamilton, defendant herein, endorsed said notes and same are now in the hands of persons whose names plaintiff cannot insert herein because they are unknown to him, and he verily believes that said unknown holders of said notes are interested in the subject-matter of this controversy; that said Emilia Kirns died testate on March 24, 1926; that her will was admitted to probate in the city of St. Louis on March 31, 1926; that defendant Edward A. Bokern was appointed administrator with the will annexed and is now acting as such; that by authority of the probate court said administrator is in possession of said real estate and collecting the rents therefrom; that Emilia Kirns in her will attempted to make disposition of the real estate to the defendants, Peter Abreu Requena, Manuel G. Requena and Jose Luis Requena as her sole beneficiaries; that said defendants are claiming title to said real estate, and plaintiff having secured advice of counsel is unable to determine under the terms of the will of said Peter Kirns whether those claiming under the will of Emilia Kirns, or this plaintiff is entitled to the fee of said real estate, and plaintiff therefore requests the court to determine, adjudge and decree whether or not Peter Kirns intended by his said will to leave his wife a life estate only, with a power of disposition in the event only that such disposition becomes necessary in her lifetime for her support, or whether he intended to devise to his said wife a fee.

Wherefore, plaintiff prays judgment of the court, determining and interpreting said will of Peter Kirns and for such other orders in the premises as may be fit and proper.

The demurrer presents two questions: (a) Has plaintiff, as next of kin and heir of Peter Kirns, the right to maintain an action to construe his will? (b) Is the will or any paragraph thereof ambiguous and of doubtful meaning?

I. The general rule is that a court of equity will not entertain jurisdiction of a suit brought for the sole purpose of construing a will without seeking other relief, and it is also the general rule that courts of equity will not construe a will on the application of one claiming the mere legal title to real estate. [28 R. C. L. 202; Construction of Wills, Thompson, p. 786; Glover v. Baker,

83 Atl. 916.]  In this State the jurisdiction of courts of equity to construe wills is not limited to the equitable control of trusts. Trustees, executors, devisees or legatees may maintain such suits in said courts. In Clark v. Carter, 200 Mo. 515, l. c. 531, 98 S. W. 594, the rule is stated as follows:

"There is nothing unusual in courts of equity entertaining jurisdiction of suits to construe wills, for it is a part of the ancient and well-defined jurisdiction of the courts of chancery to construe wills and declare the trust created thereby, but this by no means is to be construed as authorizing any person, regardless of the relation in which they stand to the will, to maintain such a proceeding. Where an executor or trustee named in a will has any doubt as to the proper construction of the terms of the instrument they are required to enforce and carry out, either may very appropriately institute a proceeding to have the will properly construed and the duties of the executor or trustee defined by the decree of the court, or where devisees or legatees are entitled to certain rights and claims under the provisions of a will and the executors or trustees named in the will refuse or fail to execute and carry out the provisions of the will as contemplated by the testator, courts of equity may entertain suits instituted by such legatees or devisees for the purpose of construing, and as well as enforcing, the provisions of the will as construed by the court. . . . ."

In the Clark case plaintiff purchased certain land and received a deed from Mrs. Harber, as executrix of her husband's will. Thereafter her authority to sell the land was questioned. Thereupon, Clark brought suit in a court of equity for construction of the will. In considering his right to maintain the suit, we said that his interest in the will was merely incidental to a business transaction which had been fully completed, and in a controversy between him and anyone respecting the validity of the sale, the will might be introduced in evidence for the purpose of showing the power, or want of power, to make the conveyance, and that the court as an incident in the trial might construe the will. We also said that it was clear from the face of the petition that the purpose of the suit was to obtain the judgment of the court upon the validity of the sale, and we held the court was without jurisdiction to entertain the bill.

As authorizing the court to entertain this suit, plaintiff cites the following: First Baptist Church v. Robberson, 71 Mo. 326; Hamer v. Cook, 118 Mo. l. c. 489, 24 S. W. 180; Davidson v. R. E. & Investment Co., 226 Mo. l. c. 23, 125 S. W. 1143; Andre v. Andre, 288 Mo. 271, 232 S. W. l. c. 156; Graham v. Allison, 24 Mo. App. 516; Lich v. Lich, 158 Mo. App. 400, 138 S. W. 558; Barkley v. Donnelly, 112 Mo. 561, 19 S. W. 305; Bowers v. Smith, 10 Paige (N. Y.) 200; Wager v. Wager, 89 N. Y. 161; Holland v. Alcock, 108

N. Y. 312; Kalish v. Kalish, 166 N. Y. 368; McCutcheon v. Pullman Trust & Savings Bank, 96 N. E. 510, 251 Ill. 550; Davis v. McMahon, et al., 146 N. Y. Supp. 657.

These are suits by trustees, executors, devisees or legatees, or there is involved the construction of a trust created by the will. In some of them are statements that "any party interested" may maintain suit to construe a will. These statements should be considered with reference to the facts of the particular case.

In the instant case plaintiff claims by descent from Peter Kirns. Defendants Peter, Manuel and Jose Requena claim under the will of Emilia Kirns. Plaintiff claims the real estate notwithstanding the will of Peter. By the second clause of the will, Peter Kirns charged his estate with the payment of $25 a month to Mary Haugh. The trust thereby created terminated on her death. Therefore, no trust provision is involved. So the controversy between plaintiff and the beneficiaries under the will of Emilia Kirns involves the mere legal title to the real estate described in the petition. The estate of Peter Kirns has long since been administered and plaintiff had an adequate remedy at law. [Jane Estill et al. v. Erskine Ballew et al., 26 S. W. (2d) 778; Armor v. Frey, 226 Mo. 646, 126 S. W. 483; Hamer v. Cook, 118 Mo. 476, 24 S. W. 180.]

The chancellor was without jurisdiction to entertain the bill, and the judgment should be affirmed. It is so ordered. All concur.