## METROPOLITAN LIFE INS. CO. v. MASON et al.

### No. 9891.

District Court, E. D. Pennsylvania.
Dec. 28, 1937.

Dechert, Smith & Clark and Owen B. Rhoads, all of Philadelphia, Pa., for plaintiff.

Gustave L. Blieden, **of** Philadelphia, Pa., for defendants.

MARIS, District Judge.

This is a bill filed by the plaintiff under the Interpleader Act of 1936, 28 U.S. C. § 41(26), 28 U.S.C.A. § 41(26). It appears from the bill that the plaintiff issued two policies of insurance on the life of defendant James H. Mason. One of these was for the face amount of $210 and the other for the face amount of $416, the total being $626. The total cash surrender value of the two policies is $130.98.

Defendant James H. Mason, a citizen of Pennsylvania, has instituted suit against the plaintiff in the municipal court of Philadelphia to recover the cash surrender value of the two policies, the payment of which has been refused to him by the plaintiff. Defendant Mance Mason, a citizen of South Carolina, by written notice given to the plaintiff has alleged that he is the owner of the two policies and is legally entitled to the rights, benefits, and privileges therein conferred and provided .for, that he has at all times and is now paying the premiums due on said policies, that he is in possession of the premium receipt books, and that defendant James H. Mason took the policies from his possession without his permission and consequently has no right, title, or interest to them or to the rights, benefits, and privileges conferred and provided by them. Defendant Mance Mason, having disclosed these facts, has directed the plaintiff to make no payments of any benefits accruing under the policies to defendant James H. Mason.

Plaintiff has moved for a temporary injunction restraining defendant James H. Mason from further prosecuting his suit against it and for a decree requiring the defendants to interplead. Defendant James H. Mason opposes the motion on the ground that this court has no jurisdiction of the bill.

The question is thus whether this court has jurisdiction. By the Interpleader Act of 1936, 28 U.S.C. § 41(26), 28 U.S.C.A. § 41(26), jurisdiction is conferred upon the District Courts:

"(a) Of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader duly verified, filed by any person, firm, corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of the value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if—

"(i) Two or more adverse claimants, citizens of different States, are claiming to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy, or other instrument, or arising by virtue of any such obligation; and

"(ii) The complainant (a) has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court; or (b) has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the complainant with the future order or decree of the court with respect to the subject matter of the controversy.

"Such a suit in equity may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another."

It will be seen that the act confers jurisdiction of bills of interpleader in the following two classes of cases:

(1) Where the plaintiff has in its custody or possession money or property of the value of $500 or more and two or more adverse claimants, citizens of different states, are claiming to be entitled to such money or property; and

(2) Where the plaintiff has issued a note, bond, certificate, policy of insurance, or other instrument of the value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or is under any obligation written or unwritten, to the amount of $500 or more, and two or more adverse claimants, citizens of different states, are claiming to be entitled to any one or more of the benefits arising by virtue of any note, bond, certificate, policy, or other instrument, or by virtue of any such obligation.

Clearly the suit does not come within the first class which relates only to money or property in custody or possession, since here the plaintiff does not claim to have in its custody or possession any money or property belonging to either defendant. On the contrary, this is a case where the plaintiff has issued a policy of insurance. It must, therefore, be shown to come within the second class if our jurisdiction is to be sustained.

■ The defendant argues, however, that it does not come within that class because, while the face amount of the policies in question is more than $500, their present cash surrender value is very much less than that amount. It will be noted, however, that the statute refers to policies of insurance of the value or amount of $500 or more. Giving effect to the canon of statutory construction that each word in the statute must be given a distinct meaning if possible, we construe the word "value" to mean the present or cash surrender value of the policy and the word "amount" to mean the face amount or the amount payable in case of death. So construed, it is clear that the plaintiff has brought itself within the jurisdictional amount, since, where two or more policies are involved, the aggregate amount determines jurisdiction. Metropolitan Life Ins. Co. v. Dunne, D.C., 2 F.Supp. 165.

■ Even though the jurisdictional amount be present, however, it must also appear that there are present two or more adverse claimants who are claiming to be entitled to any one or more of the benefits arising by virtue of the policies. In the present case it appears that defendant James H. Mason has brought suit against the plaintiff for the cash surrender value of the policies. He is, therefore, obviously a claimant of a benefit arising by virtue of the policies.

But is defendant Mance Mason such a claimant? We think not. It is clear from the averments of the bill that all he is seeking is to secure possession of the policies and to prevent their surrender by James H. Mason and the payment of the cash surrender value to him. He is, therefore, not a claimant within the meaning of the statute for two reasons. In the first place, he is claiming possession of the policies themselves and not any benefit arising by virtue of the policies. In the second place, his claim is not against the plaintiff at all, but rather against James H. Mason who he claims took the policies from his possession without permission.

■ But apart from this, we think that the averments of the bill do not disclose a cause of action in interpleader. Interpleader is a well-established equitable remedy which existed long prior to the enactment of the Federal Interpleader Act. The latter consequently did not enlarge the remedial function of the action, except to the extent to which we shall refer presently, but merely extended the jurisdiction of the District Courts to the cases described in the act. Dee v. Kansas City Life Ins. Co., 7 Cir., 86 F.2d 813.

■ Under the general principles of equity jurisprudence, it is essential to sustain a bill of interpleader that it appear that the same thing, debt, or duty is claimed by all the parties against whom the relief was demanded, and that all their adverse titles or claims are dependent on or derived from a common source. Morgan v. Kraft, 52 App.D.C. 172, 285 F. 906.

These conditions have been relaxed by the express terms of the statute to the extent that a bill of interpleader may be entertained by this court even though the titles or claims of the conflicting claimants do not have a common origin or are not identical, but are adverse to and independent of one another. Except for this relaxation, however, the general principles which have heretofore been applicable to such suits still prevail. One of these, as we have seen, is that there must be a single specific and definite thing, debt, or duty in the possession of or owing by the plaintiff in respect of which adverse claims are being made. The present bill fails in this respect.

While under the statutory modification of the rule we would have jurisdiction if one defendant were claiming one benefit and the other defendant some other benefit arising by virtue of the same policy, it is still necessary that both claimants claim the right to compel the payment of some benefit or performance of some other duty by the plaintiff under the same policies. In this case, however, there are not two claimants to any benefits under the policies. Only one of the defendants is claiming a benefit under the policies, while the other is claiming the right to have possession of the policy itself. He is in effect merely opposing the claim of the other.

Where, however, the only question is as to the liability of the holder of a fund to a single person, interpleader does not lie. Grand Lodge A. O. U. W. v. Burns, 84 Conn. 356, 80 A. 157; Clark v. Carter, 200 Mo. 515, 98 S.W. 594.

It becomes equally clear that the present suit does not present a proper case for an interpleader when it is considered from another aspect. The statute requires the plaintiff to pay the amount of or the loan or other value of the instrument in question into the registry of the court or to enter bond conditioned upon the compliance by the plaintiff with the decree of the court with respect to the subject-matter of the controversy. This obviously contemplates a determination of the respective claims of the defendants to such sums of money as they may claim to be payable to them by the plaintiff under the policy. If an interpleader should be granted in this case and defendant Mance Mason should succeed, the relief which he would seek would be the physical return to him of the policies by defendant James H. Mason. These, however, are not in the possession of the plaintiff and obviously could not be deposited by it in the registry of the court or delivered by it pursuant to the decree of the court. It thus becomes doubly clear that interpleader is not the appropriate remedy under the facts here disclosed.

Since it appears that this court is without jurisdiction, not only must the plaintiff's motion for a temporary injunction be refused, but the bill itself must be dismissed.

Motion for temporary injunction refused and bill dismissed for want of jurisdiction.